## LEHRITTER v. THE STATE.

LIQUOR LAW.—*Indictment.—Sunday.—Permit.*—In an indictment for the sale of intoxicating liquor on Sunday, to be drank on the premises, it is not necessary that there should be an express allegation that the defendant had no permit to sell liquor, as such permit would not authorize a sale on that day.

SAME.—*Section* 10.—The tenth section of the act of 1873; regarding the sale of liquors, forbids the sale on Sunday.

SAME.—*Evidence.*—When, on the trial of such an indictment, the proof showed that the selling was on the fourth day of May, and on Sunday, but there was no proof as to the year;

*Held,* that the conviction could not be sustained, although May 4th, 1873, was Sunday.

APPEAL from the Marion Criminal Court.

DOWNEY, J.—This was an indictment against the appellant charging that he did, on the 4th day of May, 1873, at, etc., unlawfully sell two gills of intoxicating liquor to Henry Case, at and for the price of ten cents, and did then and there suffer and permit the said liquor to be drank in the building and upon the premises where the same was sold, the said 4th day of May being the first day of the week, commonly called Sunday, contrary to the form of the statute, etc.

The defendant moved the court to quash the indictment, his motion was overruled, and he excepted. He then pleaded not guilty, and upon a trial of the cause by the court, by agreement of the parties, he was found guilty and a fine assessed against him. He moved for a new trial and also in arrest of judgment, which motions were each overruled, and he again excepted. There was final judgment rendered against the defendant for the fine assessed and the costs, and that he stand committed until they were paid or replevied.

These several rulings of the court are assigned for error.

We see no objection to the indictment. It is true that it does not allege directly that the defendant had no permit to sell liquors; but it does, in effect, allege that he had no permit to sell the liquor in question, by stating that the sale

was on the first day of the week, commonly called Sunday. A permit, if he had had one, could not have authorized him to make the sale on that day. The tenth section of the act on the subject of selling liquors, Acts 1873, p. 154, reads as follows: "A permit granted under this act shall not authorize the person so receiving it to sell intoxicating liquors on Sunday, nor upon the day of any state, county, township, or municipal election, in the township, town or city where the same may be held; nor upon Christmas day, nor upon the Fourth of July, nor upon any Thanksgiving day, nor upon any public holiday, nor between nine o'clock P. M. and six o'clock A. M.; and any and all sales made on any such day, or after nine o'clock on any evening, are hereby declared to be unlawful, and upon conviction thereof, the person so selling shall be fined not less than five dollars nor more than twenty-five dollars for each sale made in violation of this section." The allegations of the indictment very clearly bring the case within this section of the act.

There was, therefore, no error in overruling the motion to quash the indictment, and that in arrest of judgment.

Upon an examination of the record, we find that, among other reasons for a new trial, it was assigned that the evidence was not sufficient to justify the finding of the court. The evidence shows that the liquor was sold on the 4th day of May, and on Sunday, but it wholly fails to show in what year it was sold. We know that the 4th of May, in this year, was Sunday, but this does not show that the year 1873 was intended. It may have been on some Sunday in some other year, which was the 4th of May to which the witness referred. For this defect in the evidence, the judgment must be reversed.

The judgment is reversed, and the cause remanded, with instructions to grant a new trial.

*W. F. Brown* and *W. P. Adkinson,* for appellant.

*J. C. Denny,* Attorney General, for the State.