## VANDERWOOD v. THE STATE.

LIQUOR LAW.—*Act of* 1873.—*Indictment.*—To make an indictment good under the first section of the liquor law of 1873, it was necessary to allege that the liquor was sold "to be drunk" in, upon, or about the building or premises, etc.; and an indictment charging the sale of the liquor, and alleging that the defendant suffered and permitted it to be drunk in, etc., was bad.

From the Marion Criminal Circuit Court.

*Adkinson & Johnston,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

WORDEN, J.—This was a prosecution of the appellant for vending intoxicating liquor without a permit. Motion to quash the indictment overruled, and exception. Conviction.

The only point made by the appellant relates to the sufficiency of the indictment. The indictment charges the sale of the liquor, and that the defendant " did then and there suffer and permit the said liquor to be drunk in the building and upon the premises where the same was sold ;" but it does not charge that it was sold " to be drunk in, upon, or about the building or premises," etc. This objection to the indictment is insisted upon, and, in our opinion, it is fatal.

The language of the statute, on which the indictment is based, is, " that it shall be unlawful for any person or persons, by himself or agent, to sell, barter, or give away for any purpose of gain, to any person whomsoever, any intoxicating liquors to be drunk in, upon, or about the building or premises where the liquor is sold, bartered, or given away," etc. Acts 1873, p. 151, sec. 1.

The gist of the offence created by the statute is the selling, bartering, or giving away, etc., of intoxicating liquors to be drunk in, upon, or about the building or premises, etc., without the permit provided for.

The offence is complete, if the liquor is sold, etc., to be drunk in, upon, or about the building or premises, etc., whether in point of fact it is thus drunk or not. *Eisenman* v. *The State*, 49 Ind. 511. So, on the other hand, if the liquors are not sold to be drunk in, upon, or about the building or premises, etc., no offence is committed, though the vendor suffer and permit them to be there drunk.

The facts charged in the indictment may all be true, and yet no offence may have been committed. The liquor may have been sold to be drunk elsewhere; and, if so, the suffering and permitting it to be drunk upon the premises does not constitute a crime.

If the vendor suffer the liquors to be drunk upon the premises, this may be strong evidence that they were sold to be drunk there. *O'Connor* v. *The State*, 45 Ind. 347.

But this is matter of evidence, and cannot supply the place of the necessary averment. To make an indictment good, under the statute, it should be alleged that the liquors were sold " to be drunk " in, upon, or about the building or premises, etc.

In the cases of *Lehritter* v. *The State*, 42 Ind. 383, 482, *Landaner* v. *The State*, 42 Ind. 483, *Hulsman* v. *The State*, 42 Ind. 500, and *Ginz* v. *The State*, 44 Ind. 218, indictments similar to the one under consideration, in respect to the point here involved, were held good; but the objection here urged was not made or considered.

The judgment below is reversed, and the cause remanded, with instructions to the court below to sustain the motion to quash the indictment.