## STATE v. HAFSOOS.

1. Section 1, c. 101, Laws 1890, declares that "any person  *  *  *  who shall sell  *  * ·  *  any such intoxicating liquors as a beverage shall, for the first offense, be deemed guilty of a misdemeanor," etc.   An information charging that defendant "did sell intoxicating liquors maliciously and wilfully," does not charge an offense under that section.
2. By the terms of the law the offense consists in selling "such liquors as a beverage," and not in selling the same "wilfully and maliciously."
3. Such an information does not charge an offense at common law.
4. A judgment of conviction under such an information, the objections thereto having been duly saved, will be reversed.

(Syllabus by the Court.   Argued Oct. 7, 1890.   Opinion filed Dec. 10, 1890.)

Error to county court, Lincoln county.     Hon. A. G. STEINER, Judge.

The facts and nature of the proceedings are stated in the opinion.

*Winsor & Kittredge* for plaintiff in error.

It is not the sale of liquor that constitutes a crime under the statute, but it is the sale of liquor as a beverage that is prohibited.   The information does not state a public offense in that it does not charge that the liquors were sold as a beverage.     § 1, Chap. 101, Laws of 1890; Wharton Crim, Law 1499; 2 Wharton Crim. Proc. 792; State v. Monger, 15 Vt. 290; State v. Webster, 5 Halst. 293; Rawlings v. State, 2 Md. 201; Franklin v. State, 12 Md. 236; Davis v. State, 52 Ind. 488; Goodwin v. State, 72 Ind. 113; Beardsley v. People, 89 Ill. 571; State v. Pitzer, 23 Kan. 250; State v. McBride, 64, Mo. 364; Agee v. State, 25 Ala. 67; Henderson v. State, 60 Ind. 296; People v. Quinn, 42 N. W. 604.

*Robert Dollard, Attorney General* for defendant in error.

The information was sufficient and stated a public offense under the statute.   1 Chitty Crim. Law 231; 1 Bishop Crim. Proc. §§ 631, 639; Territory v. Scott, 2 Dak. 212; Commonwealth v. Brown, 145 Mass. 319.

KELLAM, J.   In the county court of Lincoln county an information was filed against the plaintiff in error of which the charging part is as follows:   "That, on information and

belief, the deponent complains and charges that the defendant, John Doe, whose true name is to the deponent unknown, did, at the county of Lincoln, and State of South Dakota, on the 23d day of June, A. D. 1890, sell intoxicating liquors maliciously and willfully, and contrary to the statutes in such case made and provided, and against the peace and dignity of the State of South Dakota." To this information plaintiff in error demurred, on the grounds, among others stated, "(1) that said alleged information, on the face thereof, does not state a public offense; (2) that said alleged information does not set forth any offense with reasonable certainty substantially as required in an indictment." The court overruled the demurrer, and the plaintiff in error was tried and convicted. Afterwards, and before sentence, a motion in arrest was made for the following, among other, reasons: "That the information in said action does not state a public offense." The motion was overruled, plaintiff in error duly excepted, and brings the case to this court on writ of error. By this record is presented the direct question, does the information state an offense either at common law or as defined by Section 1, C. 101, Laws 1890? Other errors are assigned, but this only will be considered.

The act complained of in the information, to-wit, selling intoxicating liquor maliciously and willfully, did not at common law constitute a criminal offense. If criminal now in this state, it is because the statute makes it so. Chapter 101, above referred to, is entitled "An act to prescribe regulations for the enforcement of the provisions of Article 24 of the constitution of the State of South Dakota, entitled "Prohibition," etc., which article of the constitution reads as follows: "No person or corporation shall manufacture, or aid in the manufacture for sale, any intoxicating liquor. No person shall keep for sale as a beverage any intoxicating liquor. The legislature shall by law prescribe regulations for the enforcement of the provisions of this section, and provide suitable and adequate penalties for the violation thereof." Section 1 of Chapter 101, above referred to, is as follows: "Any person, association, or corporation who shall within this state directly or indirectly

manufacture any spirituous, malt, vinous, fermented, or other intoxicating liquor, or shall import any of the same for sale or barter as a beverage, or shall keep for sale, or sell, or offer for sale or barter or trade, any of such intoxicating liquors as a beverage, shall, for the first offense," etc. It requires no very critical examination of said Section 1—and this is the only provision of the law under which this charge could be laid—to discover what act is declared to be an offense, so far as selling is concerned. Eliminating such parts of this section as have no application to the particular offense sought to be charged in this information, the section would read thus: "Any person * * * who shall within this state * * * sell any of such intoxicating liquors as a beverage shall," etc. The information charges that defendant "did, at * * * sell intoxicating liquors maliciously and willfully." Section 14, Chapter 87, Laws 1890, in respect to the practice in criminal cases in the county court, says: "And every information shall set forth the offense with reasonable certainty, substantially as required in an indictment." Selling liquor maliciously and willfully is not made an offense by such statute, but the offense consists in selling liquors "as a beverage." In charging statutory offenses "it is necessary that the defendant should be brought within all the material words of the statute, and nothing can be taken by intendment." 1 Whart. Crim. Law, (5th Ed.) § 364; Vanderwood v. State, 50 Ind. 26; Com. v Byrnes, 126 Mass. 249. The information is essentially defective, and will not support a conviction. The judgment of the county court is reversed, and the cause remanded, with directions that, if the defendant is in custody, he be discharged therefrom; if on bail, that his bail be exonerated; or if, money was deposited instead of bail, that it be refunded to him.

All the judges concurring.