## BUCHANAN v. STATE OF INDIANA.

[No. 23,084.   Filed October 4, 1916.]

CRIMINAL LAW.—*Evidence.*—*Sufficiency.*—*Statute of Limitations.*— Where a conviction was obtained in a prosecution under an affidavit alleging that the defendant violated the motor vehicle law on September 9, 1915, and the evidence at the trial showed merely that the transaction constituting the offense occurred on September 8, but did not disclose in what year, the evidence was insufficient to sustain the conviction, since it was incumbent upon the state to prove that the offense charged was committed within two years prior to the filing of the affidavit, this being the time fixed by the statute of limitations in which a prosecution for such an offense might be instituted.

From Marion Criminal Court (44,567); *James A. Collins*, Judge.

Prosecution by the State of Indiana against Albert F. Buchanan. From a judgment of conviction, the defendant appeals. *Reversed.*

*B. F. Watson* and *Earl R. Cox*, for appellant.

*Evan B. Stotsenburg*, Attorney-General, *Omer S. Jackson* and *Wilbur T. Gruber*, for the State.

LAIRY, J.—Appellant was convicted in the criminal court of Marion county of violating the motor vehicle law by driving an automobile on a street in Indianapolis at an excessive rate of speed.

The affidavit charged that the offense was committed on September 9, 1915. At the trial the evidence showed that the transaction constituting

the offense as charged occurred on September 8, but it did not disclose that the September referred to in the evidence was September of 1915 or of any particular year. No year is mentioned in the evidence in connection with the time of the commission of the act constituting the alleged offense. It is incumbent on the State to prove that the offense was committed within the time fixed by the statute of limitations. There is no evidence in the record to show that the offense charged in the affidavit was committed within two years prior to the filing of such affidavit.

Appellant filed a motion for a new trial on the ground that the decision of the court was not sustained by the evidence, and also on the ground that the decision of the court was contrary to law. This motion was overruled. The motion for a new trial should have been sustained. *Lehritter* v. *State* (1873), 42 Ind. 383; *Dickinson* v. *State* (1880), 70 Ind. 247.

The judgment is reversed, with instructions to grant a new trial.

NOTE.—Reported in 113 N. E. 726. See 28 Cyc 808.