## WHITE *v.* THE STATE.

FISH, C. J.   1. In several of the grounds of the amendment to the motion for a new trial, general assignments of error were made on extracts from the charge given the jury. Under many rulings of this court, such assignments will be considered for the purpose of ascertaining whether or not an instruction thus complained of states a correct abstract principle of law; if it does, then the investigation in this court must end, for, in the absence of a specific assignment of error, this court will not inquire whether the instruction is or is not adjusted to the issues and facts of the case.

(*a*) If an instruction, excepted to in general terms, be erroneous because it is not a correct or an accurate statement of the law, then the record will be examined for the purpose of ascertaining whether the party complaining has really been injured by the giving of such instruction.

(*b*) When portions of a charge complained of in general terms contain several distinct propositions, and one or more of them be correct in the abstract, a general assignment of error is not good and will not be further considered, as it in effect improperly alleges that all of the charge so excepted to is erroneous, and does not show to which of the propositions, the correct or the erroneous, it is intended to take exception. *Anderson* v. *Southern Railway Co.,* 107 *Ga.* 500 (4), 510 (33 S. E. 644); *Jefferson* v. *State,* 131 *Ga.* 28 (61 S. E. 997), and cases cited.

2. While some of the instructions complained of were not in all respects accurate statements of law, yet, when considered in connection with their context and in the light of the evidence, none of them was such as to require a new trial; and some of them were more favorable to the accused than he was entitled to have given.

3. In the absence of a proper written request, it was not error for the trial court to fail to instruct the jury on the subject of the credibility of witnesses, or the rule as to reconciling conflicting testimony. *Lewis* v. *State,* 129 *Ga.* 731 (59 S. E. 782); *Turner* v. *State,* 139 *Ga.* 593 (77 S. E. 828).

4. Even if the evidence authorized an instruction as to the weight of confessions as evidence, the mere failure to charge on that subject, in the absence of a timely written request, was not cause for a new trial. *Lindsay* v. *State,* 138 *Ga.* 818 (76 S. E. 369).

5. Applying the rulings above announced to the assignments of error on the instructions given and on the failure to charge, none of them presented cause for a new trial.

6. The evidence authorized the verdict, and there was no error in refusing a new trial.                    *Judgment affirmed. All the Justices concur.*
                    . April 15, 1914.

Indictment for murder. Before Judge Mathews. Bibb superior court. January 31, 1914.

*W. A. James,* for plaintiff in error. *T. S. Felder, attorney-general,* and *John P. Ross, solicitor-general,* contra.