## FRANK & COMPANY v. ADAMS.

1. A witness is incompetent to testify that others wrote to him (the letters being lost) that a particular person was in possession of certain property at a stated time, and that the record title then stood in the possessor's name. Such testimony is hearsay.

2 A general assignment of error upon an excerpt from the judge's instruction brings under review only the abstract correctness of the legal principle therein contained, and not its applicability to the facts of the case. The legal principle enunciated in the excerpt complained of is that embodied in the Civil Code (1910), § 3224, and was not incorrectly stated.

3. The evidence was sufficient to support the verdict.

NOVEMBER 12, 1915.

Claim. Before Judge Freeman. Heard superior court. October 28, 1914.

*W. C. Hodnett* and *Frank S. Loftin,* for plaintiffs.

*D. B. Whitaker,* contra.

EVANS, P. J. 1. This is a claim case, in which the claimant prevailed at the trial. The claimant introduced in evidence a deed to the property levied on, made by the defendant in execution to the claimant, anterior to the judgment. The plaintiffs in execution attacked this deed as fraudulent. Frank offered to testify that before he extended credit to the defendant he inquired by letter of his travelling salesman, and of his local attorney, concerning the financial resources of the defendant, and was informed by letters (which were lost) that the property levied on was in possession of the defendant and that the record title stood in his name. The testimony as to the contents of the lost letters from his agent

and attorney was excluded by the court. This testimony was hearsay, and inadmissible in evidence.

2. The court charged the jury as follows: "If you find from the evidence in this case that the claimant, Mr. Adams, bought the property in good faith and paid cash for it, that there was no intention or purpose on his part to defraud, hinder, or delay present or subsequent creditors of J. W. Ray, that it was a bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, then you should find the property not subject; and this would be true although you may find from the evidence that the purpose on the part of J. W. Ray in selling the property was to defraud or delay his present or subsequent creditors. If such purpose existed on the part of Ray, but was unknown to Adams; if Adams had no notice or grounds of reasonable suspicion of Ray's purpose, he, Adams, would not be affected thereby. In determining whether or not Adams was a bona fide purchaser on a valuable consideration and without notice or ground for reasonable suspicion, and whether the transaction was made with the intention to delay or defraud present or subsequent creditors of J. W. Ray, you will determine from the evidence; and in determining these matters you can consider the possession of Ray after the alleged sale, the failure of Adams to record his deed, and all the facts and circumstances as shown by the evidence." No specific error in the charge is pointed out; and the exception is general, that the court erred in so charging. A general assignment of error on an excerpt from the judge's instruction will be considered for the purpose of ascertaining whether or not the particular excerpt states a correct abstract principle of law. If it does, then the investigation here must end; for in the absence of a specific assignment of error, this court will not inquire whether the excerpt is adjusted to the facts of the case. *Anderson* v. *Southern Ry. Co.,* 107 *Ga.* 500 (33 S. E. 644). The charge complained of embodied the principle of the Civil Code (1910), § 3224, which declares as void and fraudulent every conveyance of real or personal estate by a debtor, had or made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid. *Hollis* v. *Sales,* 103 *Ga.* 75 (29 S. E. 482).

3. There is evidence to support the verdict, which has the approval of the trial judge.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*