## 11287. RIDLEY *v.* RIDLEY.

1, 2. In an action of trover by a wife to recover from her husband a diamond ring and an automobile, where she contended that by threats and duress he forced her to deliver the ring to his representative, and where the verdict was in his favor as to the ring, although in her favor as to the automobile, he was not entitled to a new trial because of the admission of testimony tending to support her contention that she was coerced into delivering up the ring, or because her counsel, in his opening statement to the jury, was allowed to state what he expected to show in support of that contention.

1 (a). No timely special demurrer attacked the allegation of the petition as to the defendant's ill treatment of the plaintiff; and the refusal of an oral motion to strike the allegation was not error.

3. Oral testimony as to the making of a tax return was properly excluded, the return itself being higher evidence.

4. Refusal to allow questions to the plaintiff as to how often she had been married and had sued for divorce, and as to other litigation, was not error, these matters being irrelevant.

5. It is not ground for a new trial that an automobile-tag license which

the plaintiff obtained in her own name for the automobile in question, and her application for the license, were admitted in evidence, the plaintiff testifying that the defendant, after giving the automobile to her as a wedding present, went with her to have the license issued, and told her to have it taken out in her name. This evidence tended to support her claim of title.

6. Exception to the refusal to grant a nonsuit will not be considered as a ground of a motion for a new trial where the motion complains also of a verdict for the plaintiff as not supported by evidence.

7. The admission of evidence not apparently prejudicial to the complaining party does not require a new trial.

8. Error in allowing a witness to answer a certain question is not shown by a ground of the motion for a new trial which omits the answer.

9. Failure to give to the jury certain instructions not requested in writing will not require a new trial where all the substantial issues in the case and the law applicable were fully, fairly, and correctly submitted by the charge of the court.

10. Where there is evidence to support a verdict approved by the trial judge, his judgment overruling a motion for a new trial will not be reversed by this court because of evidence in conflict with it.

DECIDED APRIL 8, 1920.

Trover; from Heard superior court — Judge Terrell. December 29, 1919.

*Frank S. Loftin, Smith & Smith,* for plaintiff in error.

*M. V. Mooty,* contra.

SMITH, J. Mrs. Louise Gartrell Ridley brought an action of trover in the superior court of Heard county against her husband, William D. Ridley. The petition was in the usual form and sought to recover a diamond ring and a Buick automobile, the value of which was set out in the petition and the amendment thereto. The plaintiff elected to take a money verdict. The evidence developed that the contentions of the plaintiff were: that she and the defendant were married in Atlanta about April 15, 1917; that a day or two before the marriage the defendant gave her the ring and the automobile in question; that after the marriage she went with him to his home in Heard county, and lived with him for a period of something like a year; that he became dissatisfied and demanded that she return the ring to him, and that he either carried or sent the automobile away to some other place. She further contended, that, because of her failure to return the ring, he kept her under guard in the house and would not permit her to leave; that finally her father and mother came to the place and an agreement was made that she should go

home with her father and mother, the defendant sending a man along with them, she agreeing to turn over the ring to this man. She contended that she was the owner of the ring and of the automobile, claiming that her husband had given them to her, and that she took possession of them, but that the defendant by threats and duress forced her to turn the ring over to his representative, and refused to deliver to her the ring or the automobile. The defendant admitted that he had married the plaintiff, but denied that he had given either the ring or the automobile to her, or that she had any title to either. He insisted that upon her persuasion he lent the ring to her to be worn by her temporarily, and as to the automobile he contended that he bought it for himself, to be used by both of them. He denied that the plaintiff had any title to either the ring or the automobile, and he denied that he had used any force or duress, or that he had driven her from his home. A verdict was rendered awarding the ring with costs to the defendant, and finding the value of the automobile in favor of the plaintiff, and judgment was entered thereon. The defendant filed a motion for a new trial upon the general grounds, and also an amendment to the original motion, assigning error in the admission of certain testimony and the exclusion of other evidence, and upon the failure of the court to charge certain principles which the defendant insisted were material to the issues in the case, and should have been charged without any written request therefor.

1. Under the peculiar facts in this case, the court did not err, as contended in the motion for a new trial, in allowing counsel for the plaintiff, in the opening statement of the case to the jury, and over objection of counsel for the defendant, to state that the plaintiff expected to show that she was driven from the home of the defendant, and guarded by two hired men and held for ransom for the ring, and that she was mistreated and allowed to go nowhere. The evidence of the plaintiff tended to support this statement of counsel, and the judge did not abuse his discretion in permitting counsel to state this contention. Nor was it error on the part of the court to deny an oral motion of counsel for the defendant to strike that part of the petition alleging that the plaintiff was driven from home by the defendant,

no special demurrer having been filed attacking this allegation in the petition.

2. The court did not err, as contended in the 2d, 3d, 4th and 12th grounds of the amendment to the motion for a new trial, in permitting the evidence set out therein to go to the jury, over the objection of the defendant's counsel. This evidence tended to support the contention of the plaintiff that she was coerced into delivering up the ring in question, and that the defendant refused to permit her to leave his house until she agreed to give up the ring.

3. The court did not err, as contended, in excluding oral testimony that after the separation and after the suit was brought, the plaintiff made a return of the property in litigation to the tax-receiver. The tax return was not produced, and that was the highest evidence.

4. The court did not err in rejecting the testimony set out in grounds 6, 7, 8, and 9 of the motion for a new trial, in which exception is taken to the refusal to allow questions to the plaintiff as to how often she had been married and divorced, and as to other litigation. The evidence sought to be elicited was not relevant to the issues in this case.

5. The court did not err in admitting in evidence the automobile-tag license and the copy of the application therefor. This evidence tended to support the claim of title by the plaintiff, as the license was in her name, and she testified that the defendant told her to take out the license in her name.

6. An exception based upon the refusal to award a nonsuit will not be considered, where subsequently the case is submitted to the jury, and, a verdict being rendered against the defendant, a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence and without evidence to support it. See *Dudley* v. *Isler,* 21 *Ga. App.* 615 (94 S. E. 827), and citations.

7. There is no substantial merit in ground 13 of the motion for a new trial. The evidence admitted over the objection of defendant's counsel, even if not legally admissible, is not shown to have been prejudicial. The ground is incomplete and not understandable without reference to other parts of the record.

8.   There is no merit in ground 14 of the motion for a new trial, as the answer of the witness nowhere appears.  This ground gives only the question, and fails to set out the evidence objected to.

9.   It was not error, in the absence of an appropriate written request, to fail to charge the jury in the terms set out in grounds 15 and 16 of the motion for a new trial.  The charge of the court, taken as a whole, fully, accurately, and fairly submitted to the jury all the substantial issues of the parties and the law applicable thereto.

10.   Though the evidence was conflicting, there is evidence to support the verdict; and, the trial judge having approved the same, this court will not disturb his judgment overruling the motion for a new trial.

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*