14771. RENTZ *v.* HAGAN.

LUKE, J. 1. The motion to dismiss the writ of error is without substantial merit. Ga. L. 1911, p. 150, § 3.

2. Where, in the trial of a purchase-money attachment, the defendant claimed that he was entitled to a certain credit against the amount of the plaintiff's claim, by reason of a garnishment proceeding instituted by the plaintiff against the defendant, the court did not err in charging as follows: "I charge you, in reference to the garnishment proceedings that have come into this case, that, before the defendant could claim any credit for anything on account of the garnishment proceedings instituted by the plaintiff, it would be incumbent on the defendant to show, first, that under these garnishment proceedings some amount had been obtained by the plaintiff—that is, show that something had been recovered by the plaintiff as a result of the garnishment proceedings. The mere fact that the garnishment proceedings had been instituted, or the fact that such a proceeding was or is pending, would be no defense for the defendant, until such garnishment proceedings have been terminated and it has been shown that there are funds arising from the garnishment proceeding which are to be applied to plaintiff's debt."

3. In order to be considered by this court, the ground of a motion for a new trial assigning error upon the charge of the court must segregate from the entire charge the part or parts thereof constituting the alleged error. Park's Ann. Code, § 6084, and notes on "Assignment of error."

(*a*) Where, by consent of the parties, a distress warrant and a purchase-money attachment are tried together, and, in the course of the charge, the court instructs the jury that "The propositions of law as I have laid down and given you apply to both cases being tried," this instruction may be either proper or erroneous, depending upon the nature of that part of the charge preceding it. A ground of a motion for new trial assigning error upon the excerpt here quoted, but failing either to quote or to indicate the nature of any part of the charge preceding it, presents no question for decision.

4. The evidence, though conflicting, authorized the verdict, which has the approval of the trial court. The special grounds of the motion for a new trial are without substantial merit; and the judgment of the lower court overruling the same will not be disturbed.

5. This court not being convinced that the writ of error in this case was prosecuted for the purpose of delay only, the request of the defendant in error that damages be awarded him is denied.

 *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

     DECIDED MARCH 6, 1924.

Attachment; from city court of Nashville—Judge W. R. Smith. May 2, 1923.

*John P. & Dewey Knight,* for plaintiff in error.

*R. A. Hendricks,* contra.