STRICKLAND *et al.* v. JACKSON BANKING CO. *et al.*

1. Upon an issue whether conveyances of realty by a debtor to his wife, brother-in-law, and father-in-law were made without consideration and for the purpose of hindering, delaying, and defrauding his creditors, or were bona fide and for the considerations therein expressed, an application by him to a loan company (not a party), with a statement of his financial condition, and a letter from him to that company, instructing payment of the claim of one of the plaintiffs from the proceeds of the loan when made, were not irrelevant as evidence.

2. The court's instruction to the jury upon the contentions of the plaintiffs was not erroneous on the grounds of exception taken.

3. An instruction in the language of the Civil Code, § 4626, was not error for failure to charge in immediate connection "that slight circumstances also may be sufficient to rebut the existence of fraud."

4. There being no allegation or evidence of any confidential relation between any of the plaintiffs and any of the defendants, or that the relief sought was because of a breach of duty arising from such relation, an instruction in the language of the Civil Code, § 4627, was harmfully erroneous.

5. The court having charged the jury generally upon all the substantial issues, if more specific instructions were desired as to circumstances in which relationship might be considered on the issue of fraud in transactions between relatives, appropriate requests should have been presented.

No. 6334.     August 16, 1928.

Equitable petition.  Before Judge Searcy.  Butts superior court. October 15, 1927.

*H. M. Fletcher* and *C. L. Redman,* for plaintiffs in error.

*W. E. Watkins* and *Joel B. Mallet,* contra.

ATKINSON, J.  In the latter part of the year 1926 a proprietor executed papers as follows:  (1) A warranty deed to his brother-in-law, purporting to convey described realty for a named consideration.  (2) A warranty deed to his wife, purporting to convey described realty for a named consideration.  (3) A security deed to his father-in-law, purporting to convey described realty as security for a debt.  (4) A security deed to his minor children, purporting to convey described realty as security for a debt.  The several conveyances referred to different parcels of realty.  Certain creditors instituted a joint action against the grantor and the several grantees, for injunction and other relief, including cancellation of the said several papers.  The grounds of relief were that the papers were without consideration, and were made for the purpose of hindering, delaying, and defrauding the plaintiffs in the collection of their debts; that this purpose was known to the several grantees at the time the deeds were executed; and that all the parties participated in the fraudulent scheme to hinder, delay, and defraud the creditors. The defendants filed answers denying the allegations relied on for equitable relief, and setting up that the respective transactions as related to them were bona fide and for full consideration as recited in the respective deeds.  The bill of exceptions states:  "By consent of counsel for plaintiffs and defendants  .  .  the whole case was to be tried together before one jury, but separate verdicts were to be rendered by the jury on each of the deeds and as to each defendant."  The jury returned separate verdicts in favor of the plaintiffs against the grantor's father-in-law, and his brother-in-law. These two defendants made a joint motion for new trial, which being overruled, they excepted.

1.  The judge did not err in admitting in evidence a signed application made by the grantor to a loan company (not a party to the suit) for a loan, and in connection therewith a signed statement as to his financial condition; and also a letter from the applicant to the loan company, instructing payment of the claim of one of the plaintiffs out of the proceeds of the loan when it should be made.  This evidence was relevant to the issues made by the al-

legations of the petition and the answers of the defendants, and consequently was not objectionable, as contended, on the ground that it was irrelevant.

2. The court instructed the jury that the plaintiffs contended that the defendant J. B. Mays made the deed to his codefendants "for the purpose and with the intent to hinder or delay his . . creditors in the collection of their debts. And this being true, as they contend, constitutes these conveyances fraudulent conveyances so far as they and the creditors are concerned." This was only a partial statement of the contentions of the plaintiffs; and the last sentence of the quoted excerpt, construed in the light of the context, did not amount to an expression of opinion by the court upon the facts of the case. Nor was the foregoing excerpt erroneous as against the defendants on the ground, as they contend, that it "failed to state a material and necessary contention of the plaintiffs . . to wit, that the purpose and intent of J. B. Mays to hinder and delay his creditors in the collection of their debts was known to the defendants, the grantees in the deed." The omission to include an instruction in any part of the charge that it was the contention upon the part of the plaintiffs that the grantees of the deeds knew of the fraudulent intent of the grantor in making the deeds was not erroneous as against the defendants. There was an allegation in the petition to the effect just stated. The court, in stating to the jury the contentions of the plaintiffs, told them that the petition would go out with them and they would have the opportunity to read it and should read it, "so as to know in detail just what these creditors claimed about these deeds and these transactions." If the defendants had desired that the court should give more elaborate instructions as to the plaintiffs' contentions, they should have made an appropriate request.

3. The court instructed the jury: "Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." This is the language of the Civil Code, § 4626, and it was not erroneous, as contended, to fail to charge in this connection "that slight circumstances also may be sufficient to rebut the existence of fraud." This ruling does not conflict with the ruling in *Eberhardt* v. *Bennett,* 163 *Ga.* 796 (137 S. E. 64), which related to the admissibility of evidence, and not to the weight of evidence.

4. The court charged the jury: "Any relations shall be deemed confidential arising from nature, or created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another; or where, from similar relations of mutual confidence, the law requires the utmost good faith; such as between partners,. principal and agent, close relatives, and others similarly situated." Civil Code § 4627. The action was by creditors to cancel conveyances on the ground of fraud between the parties to the conveyances, who bore to each other such relation as husband and wife, parent and child, son-in-law and father-in-law, and brothers-in-law. But there was no charge in the pleadings or evidence of any confidential relation between any of the *plaintiffs* and any of the *defendants,* or that the relief sought was on account of a breach of duty arising out of confidential relations between the plaintiffs and defendants. In these circumstances the instruction was inapplicable to the case, misleading and harmful.

5. The eighth ground of the motion for new trial complains of the failure to charge, without request: "That in the case of near relatives, the relationship is not evidence of fraud or cause to set aside a deed, but the only effect of the relationship is to cause the jury to scan with care the transaction and the evidence (evidence other than the relationship), and as to other relations than husband and wife there must be other evidence of fraud than relationship, there must be other badges of fraud proven, before the transactions and the evidence is scanned with care." The court charged generally upon all the substantial issues in the case; and if specific instructions touching the circumstances under which relationship might be considered, touching the question of fraud in transactions between near relatives, were desired, there should have been an appropriate written request. *Edge* v. *Calhoun,* 155 *Ga.* 821 (2) (118 S. E. 359), and cit. The case of *Hicks* v. *Sharp,* 89 *Ga.* 311 (15 S. E. 314), did not involve any question depending on mere failure to charge without request.

*Judgment reversed. All the Justices concur.*

RUSSELL, C. J., specially concurring. I concur in the rulings in the first four headnotes and in the judgment of reversal, but it is my opinion that the eighth ground of the motion for a new trial is meritorious. The court having charged to the jury section 4627

of the Code immediately following his giving in charge section 4626, in which it is stated that slight circumstances may be sufficient to carry conviction of the existence of fraud, it was his duty to tell the jury, in substance at least, that mere relationship was not a badge of fraud, even without request. I understand the rule to be well settled that while it is the duty of the judge to instruct the jury as to the law upon the substantial issues, he is not required to elaborate that charge by reference to circumstances relied upon by the party as supporting his contention; but the ruling of which I am speaking is, in substance, that if the charge of the judge so far as it went was appropriate, this would be the case. It is not enough for the trial judge to merely give instructions as to one of the issues, but it is essential that the instructions as far as given be "appropriate." It is my opinion that in this case, since the judge charged to the jury the provisions of section 4627, and since under our law it is essential that badges of fraud must be shown in order for the rule of section 4626 to apply, and inasmuch as he had charged to the jury a portion of the law with reference to the relationship as set forth in section 4627, it then became necessary, in order to relieve his instruction from being confusing to the jury to the prejudice of the movant, that he should also have referred to the principle just stated with relation to the necessity of proof of badges of fraud before the provisions of section 4626 would be applicable to the issue.