### 34227. Cole *v.* The State.

CARLISLE, J. 1. Where there is a general insistence in the brief of counsel for the defendant upon all of the errors assigned in his petition for certiorari, upon the overruling of which he assigns error in this court, a mere failure to argue some of the assignments of error does not constitute an abandonment of those issues. Code, §§ 6-1308, 6-1601.

2. On the trial of an accused for cruelty to a child, a witness whose name was not on the accusation or list of witnesses furnished counsel for the accused is not incompetent to testify. *Holley* v. *State,* 191 *Ga.* 804 (14 S. E. 2d, 103), and citations.

3. There is no requirement, either in the Constitution or the statutes, that those persons whose names appear on the accusation as witnesses must testify on the trial of the accused. *Harper* v. *State,* 131 *Ga.* 771, 773 (63 S. E. 339).

4. Where, upon the trial of an accused for cruelty to a child, it is clearly apparent that the only witness for the State, in stating, "There was a piece wrote up in the paper about it," had reference to the fact that she was a registered nurse, and not to the alleged crime of the defendant, and she never stated the contents of the piece which had been published in the paper, the occurrence was of such innocuous character as to constitute no ground for a mistrial.

5. Where the witness indicated in the foregoing division, while on cross-examination, injected into the case the following totally irrelevant question, directed to counsel for the defendant: "Are you the one who came and begged my husband not to swear against Mr. Cole [the defendant]?" when no such issue had been made material to the defendant's guilt or innocence, the question was capable of such a devastatingly prejudicial effect upon the minds of the jurors, that the trial court erred in merely overruling the motion of counsel for a mistrial. The jury might easily infer from the innuendo contained in the question that the defendant, aware of his own guilt, was endeavoring through some attorney, or through the very attorney defending him, to suppress evidence of that guilt.

6. Since the case must be remanded to be tried again for the reason stated in the foregoing division, the general grounds are not considered at this time.

The superior court erred, for the reason stated in division 5, in overruling the petition for certiorari and that judgment must be

*Reversed. Gardner, P.J., and Townsend, J., concur.*

DECIDED SEPTEMBER 17, 1952.

*Bruce B. Edwards, Jesse T. Edwards,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Charlie O. Murphy,* contra.

The defendant, Adolphus Cole, was tried and convicted in the Criminal Court of Fulton County under an accusation charging that he "did torment, torture, cruelly, unreasonably, and maliciously ill treat Gordon Brown, a minor child 15 months of age, by forcing and pouring spirituous and alcoholic beverages in the mouth and throat of said child." The only witness for the State was Mrs. Mary Bradford who testified that she was a registered nurse and was called to the home of the parents of the child, Gordon Brown, by the mother of the child, who is the sister of the defendant; that upon her arrival she found the defendant present in the home and that he was drinking; that the mother of the child told her in the presence of the defendant that the defendant had given liquor to the child, which the defendant admitted, but denied that he had given the child enough liquor to make him as "limber" as Mrs. Bradford found him; that she found the child "limber" and smelling "like a keg of liquor"; that though the child was fifteen months old, he could not walk; that she took the child to the hospital where they stayed for about two hours; that she brought the child home and placed him in bed where he went to sleep.

The defendant applied to the Superior Court of Fulton County for a writ of certiorari assigning the verdict and judgment of guilty as error for substantially the following reasons: (1) That the verdict is contrary to law and without evidence to support it; (2) That Mrs. Bradford, the only witness for the State, was permitted, over timely objection, to testify in the case when her name did not appear on the accusation; (3) That those persons whose names did appear upon the accusation as witnesses did

not testify, and the defendant was surprised by the appearance of Mrs. Bradford as a witness; (4) That the trial judge erred in failing to grant a mistrial upon motion of the defendant when Mrs. Bradford stated, "There was a piece wrote up in the paper about it," as this tended to prejudice the jury and the trial court's corrective measure of instructing the jury to disregard the remark was not sufficient to cure the harm done; (5) "Because the said Mrs. Mary Bradford while on the stand made the following statement to . . petitioner's counsel: 'Are you the one that came and begged my husband not to swear against Mr. Cole [the defendant]?' That your petitioner's counsel objected to this statement and made a motion for a mistrial as follows: 'Please, your honor, I wish to make another motion for a mistrial on the ground of the effect this prejudicial and biased witness is producing on the minds of these jurors.' That the trial judge . . erred in overruling the motion as stated above and that your petitioner here and now assigns the same as error in that the statement implied that defendant's counsel below were trying to plead with the State's witnesses not to swear against the defendant below. That this statement was made in open court in the presence of and to the jurors. That this statement was biased, prejudicial, and tended to show that petitioner's counsel, believing your petitioner guilty, was trying to save your petitioner by pleading with the State's witnesses out of court. That this statement by the said Mrs. Mary Bradford was ground for a mistrial on a timely objection made at that time and that the court erred in not granting a mistrial"; (6) That the court erred in not directing a verdict for the defendant; and (7) That the verdict and judgment are contrary to the principles of justice and equity. The brief of evidence and the charge of the court were attached to and made a part of the petition. The trial judge filed his answer and upon the hearing the superior court overruled the petition for certiorari, to which judgment the defendant excepted.