37033, 37034. GREESON *v.* THE STATE (two cases).

DECIDED FEBRUARY 27, 1958.

*J. Ray Merritt,* for plaintiff in error.

*Chas. C. Pittard, Solicitor,* contra.

CARLISLE, Judge. Arthur Greeson was tried and convicted in the City Court of Gwinnett County on January 24, 1957, on two accusations, one charging him with the offense of having and possessing non-tax-paid whisky, and the other with the offense of selling non-tax-paid whisky. He made a motion for a new trial on the general grounds, which he amended by the addition of 12 special grounds. That motion was denied and the exception here is to that judgment.

1. Special grounds 1 and 2 complain of error in the refusal of the trial court to require the State's witness to name a decoy, or informer, who, under the evidence, accompanied the witness when the purchase of whisky was made from the defendant. The record, however, shows that thereafter counsel for the State put one of the witnesses back on the stand and permitted him to name the decoy, and if the refusal of the court to require that the decoy be named, as complained of in special grounds 1 and 2, was error, it was cured by the State's subsequently permitting the witness to name him.

2. Special ground 3 alleges error "Because, as the movant contends, that after the revenue agent, Gordon, had refused to give the name of his informer or decoy on cross-examination, he was put back on the stand by the State and named a man who he stated was the informer or decoy and who aided and abetted Agent, Flowers, in the allegedly purchasing of the liquor." This ground, after reciting a colloquy between the court and counsel from which it does not appear that any motion was made by counsel for the defendant or that any ruling of the court was invoked, goes on to say that movant contends that he was denied his constitutional rights to cross-examine the witness against him,

and this, apparently, is the error assigned. Special ground 5 contends that the court erred in refusing to instruct the State to produce the informer, or decoy, into court after a request by counsel for the defendant as shown by a colloquy set out in this ground.

It does not appear from ground 3 that counsel for the defendant made a motion for a continuance so that he could be afforded the opportunity of subpoenaing and procuring the presence of the witness or even that any motion was made distinctly invoking the court's ruling that the State be required to call the decoy as a witness. No specific ruling of the court is assigned as error in this ground of the motion, and it is therefore wholly insufficient to present any question for decision by this court. *Bryan* v. *Barnett*, 205 *Ga.* 94 (4) (52 S. E. 2d 613) ; *Salter* v. *Salter*, 80 *Ga. App.* 263 (3) (55 S. E. 2d 868).

"There is no requirement either in the Constitution or the statutes that those persons whose names appear on the accusation as witnesses must testify on the trial of the accused. *Harper* v. *State*, 131 *Ga.* 771, 773 (63 S. E. 339)." *Cole* v. *State*, 86 *Ga. App.* 770 (3) (72 S. E. 2d 537). The foregoing being the rule with respect to witnesses named in the accusation, it must be true, a fortiori, that the State is not required to subpoena and put on the stand a person not listed on the accusation, and it does not abridge the defendant's right of confrontation and cross-examination for the court to refuse to require the State to summon one not relied on by the State to make out its case before the jury as a witness. In the trial of an accusation, counsel for the State certainly has as wide a latitude in the management of the State's case as does the private practitioner in representing his clients, and can call or refuse to call a particular witness as he sees fit. Special ground 5 was properly overruled by the trial court.

3. During the colloquy referred to in special grounds 3 and 5, the court stated in the presence of the jury, "Before you can convict a man, the State has to produce a sufficient amount of evidence to convict him." In special ground 4, movant contends that this statement "was highly prejudicial to the rights of this defendant." This ground fails to state how, wherein, or with what respect this statement was prejudicial to the rights of the

defendant and is entirely too general an assignment of error to be considered by this court.

4. The remaining special grounds of the motion for new trial assign error on specified portions of the charge as not stating sound abstract principles of law and on the failure of the court to charge the jury without request certain other principles, it being contended that the instructions referred to in these grounds were nowhere in substance given. One of the assignments (ground 6) sets forth an excerpt from the charge approximately two-thirds of a page in length and covering several different propositions of law, and without specifying what particular portion thereof it is contended was erroneous, merely states that it did not state a sound principle of law in that it placed a greater burden on the defendant than the law requires. This ground does not show reversible error. At least some parts of the charge set out in this ground stated sound legal principles. *Cobb* v. *State*, 76 *Ga.* 664 (1); *Harrison* v. *Lovett*, 198 *Ga.* 466, 474 (31 S. E. 2d 799); *Danzley* v. *State*, 25 *Ga. App.* 170 (10) (102 S. E. 915); *Southern Ry. Co.* v. *Avery*, 94 *Ga. App.* 878, 880 (96 S. E. 2d 653).

The instructions given by the court fully informed the jury that the defendant entered into the trial with a presumption of innocence in his favor and that the burden was on the State to prove the defendant's guilt on both charges beyond a reasonable doubt, and that, if they entertained any doubt as to the defendant's guilt, they should acquit him. The instruction that the State was not confined to the dates alleged in the accusation, but that a conviction would be authorized if the evidence showed that the defendant possessed or sold non-tax-paid alcoholic liquors at any time within two years of the date of the accusation, related to an occasion on November 8, 1956, the date alleged in the accusation, when the witnesses purchased liquor from the defendant, and the jury could not have been misled by this instruction.

None of these special grounds shows error. The evidence authorized the verdict, and the trial court did not err in denying the motion for new trial.

*Judgments affirmed. Gardner, P.J., and Townsend, J., concur.*