## 39218. HARROLD BROTHERS, INC. v. PETERMAN.

FRANKUM, Judge. George C. Peterman filed a suit for damages against Harrold Brothers, Inc. The material portions of the petition and the evidence show the following facts: The defendant operates a cotton warehouse in the city of Americus, Ga. On October 6, 1960, the plaintiff parked his truck adjacent to the curb in front of the defendant's place of business. The plaintiff's truck was headed in a southerly direction. Thereafter, an employee of the defendant parked the defendant's truck adjacent to the curb in front of the defendant's place of business headed in a northerly direction and facing the plaintiff's truck. The front ends of the trucks were approximately six to eight feet apart. A third automobile was parked close behind the plaintiff's truck.

The plaintiff walked out of the defendant's place of business and walked between the two trucks intending to enter his vehicle from the left side thereof. The defendant's employee

was sitting in the driver's seat of the defendant's truck. When the plaintiff stepped in between the two trucks, the defendant's truck rolled forward, pinning the plaintiff between the two trucks and causing the injuries described in the petition.

Before the plaintiff stepped between the trucks he asked the defendant's employee how long it would be before he would move the truck and stated: "Hurry up and let me out. I want to go home and see the ball game." The plaintiff stated that he did not know which way the defendant's employee was looking when he (plaintiff) stepped off the sidewalk into the space between the trucks, but just before he was hit he looked up and the defendant's employee was looking backwards. The defendant's employee testified that he was getting ready to start the truck and back away, that he looked backwards, pushed in the clutch, and the truck rolled forward on the downgrade and struck the plaintiff.

A verdict was returned in favor of the plaintiff. The defendant filed a motion in arrest of judgment upon the ground that the evidence showed that the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the negligence of the driver of the defendant's truck. The court overruled this motion. The defendant filed a motion for a new trial on the usual general grounds, and later, by amendment, added one special ground. The court overruled the motion for a new trial. Both rulings are assigned as error. *Held:*

1. "Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for a jury, and the court should not take the place of the jury in solving them except in plain and indisputable cases." *Southern Bakeries Co. v. White,* 103 Ga. App. 146 (118 SE2d 724), and cases cited therein. A jury question was presented as to whether the plaintiff failed to exercise ordinary care for his own safety by stepping between the two trucks under the facts and circumstances above related, or whether the defendant's employee was negligent in allowing the truck he was driving to roll down hill and strike the plaintiff. The evidence was sufficient to support the verdict. There is no merit to the general grounds of the motion for a new trial. There is no merit to the motion in arrest of judgment.

2. The one special ground of the motion for a new trial assigns as error a long excerpt from the court's charge, which excerpt consists of approximately three typewritten pages and deals with several different principles of law. A substantial portion of the charge assigned as error was correct and applicable to the issues in this case. The defendant enumerates several reasons why the charge was erroneous without specifying any particular portions thereof as being erroneous. This special ground is insufficient to present a question before this court for review.

"In order to be considered by this court, the ground of a motion for a new trial assigning error upon the charge of the court must segregate from the entire charge the part or parts thereof constituting the alleged error." *Rentz v. Hagan,* 31 Ga. App. 729 (3) (122 SE 247). See also *Grace v. Martin,* 83 Ga. 245 (5) (9 SE 841); *Gulf Life Ins. Co. v. Moore,* 90 Ga. App. 791 (2) (84 SE2d 696); *Anderson v. Southern Ry. Co.,* 107 Ga. 500 (4c) (33 SE 644); *Atlantic C. L. R. Co. v. Brown,* 82 Ga. App. 889 (62 SE2d 736); *Greeson v. State,* 97 Ga. App. 245 (102 SE2d 503).

"Under repeated rulings of the Supreme Court and of this court, where a portion of an excerpt from the charge of the court, complained of, is not erroneous, and the exception is to the entire excerpt (the erroneous portion not being pointed out), the exception is too broad and will not be considered by the reviewing court." *Huckaby v. State,* 23 Ga. App. 812 (1) (99 SE 633). See also *White v. State,* 141 Ga. 526 (81 SE 440).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED NOVEMBER 21, 1961.

*Smith & Undercofler, Hiram K. Undercofler,* for plaintiff in error.