### 41136.   THORNTON v. THE STATE.

EBERHARDT, Judge. ■ The evidence was sufficient to authorize a verdict of guilty both of possessing and selling nontax-paid liquor.

■ In the one special ground of the motion for new trial error is assigned upon the charge "If you should find the defendant guilty on one count and not guilty on the other count, then, in that event, it would, of course, be necessary for you to specify in your verdict the count on which you have found her guilty, and the count on which you have found her not guilty. In this regard, the court charges you that while it would be possible for you to find the defendant guilty of possessing and not guilty of selling, it would, of course, not be possible to find the defendant guilty of selling and not guilty of possessing, as such a verdict would be void and of no effect." The error assigned is that the charge was argumentative and suggested that the defendant had to be found guilty of possessing if she was found guilty of selling, that it was misleading, confusing and intimated an opinion as to the defendant's guilt.

There can be no question but that the first sentence of the portion excepted to was pertinent, correct and applicable. It is not subject to the criticisms of this assignment, and since the assignment itself is to the whole of the excerpt, not showing which of the propositions therein it is contended is

subject to criticism made or to which exception is intended to be taken, it is not good. *White v. State,* 141 Ga. 526 (1b) (81 SE 440); *Jefferson v. State,* 131 Ga. 28 (61 SE 997); *Gaillard v. State,* 41 Ga. App. 478 (3) (153 SE 374); *Harrold Bros., Inc. v. Peterman,* 104 Ga. App. 831, 833 (123 SE2d 30).

*Judgment affirmed. Nichols, P. J., and Pannell, J., concur.*

DECIDED FEBRUARY 9, 1965—REHEARING DENIED FEBRUARY 23, 1965.

*Guy B. Scott, Jr.,* for plaintiff in error.
*Preston M. Almand, Solicitor,* contra.