### 41502. FARRAR v. GLYNN-BRUNSWICK MEMORIAL HOSPITAL AUTHORITY.

FRANKUM, Judge. 1. A ground of a motion for a new trial complaining of error, in that the trial court permitted counsel for the defendant to ask of the plaintiff certain questions and require the plaintiff to answer them over objection interposed by counsel for the plaintiff, but which does not set forth therein the answers to such questions or by reference point out where such answers may be found in the record, is too incomplete to present any question for decision. *Woodward v. Fuller,* 145 Ga. 252 (8) (88 SE 974); *Ridley v. Ridley,* 25 Ga. App. 154 (8) (102 SE 918); *Daniel v. Daniel,* 87 Ga. App. 325, 328 (5) (73 SE2d 591). Under the foregoing rule the first and second special grounds of the motion for a new trial are without merit and were properly overruled.

2. A ground of a motion for a new trial complaining of the action of the trial court in holding counsel for the plaintiff in con-

tempt of court and imposing upon him a fine in the presence of the jury and contending that this action was prejudicial to the plaintiff but which fails to show that counsel for the plaintiff invoked any ruling from the court by way of a motion for a mistrial or otherwise does not show any harmful error. *Schwall v. Quitman Oil Co.,* 21 Ga. App. 396 (2) (94 SE 648); *Tanksley v. State,* 35 Ga. App. 189 (2) (132 SE 263); *Lumbermen's &c. Alliance v. Jessup,* 100 Ga. App. 518, 533 (5) (112 SE2d 337); *Milledge v. Boyett,* 102 Ga. App. 628 (1) (117 SE2d 643).

3. The fourth special ground complains because the court permitted a medical witness to testify as to the plaintiff's mental condition over the objection of counsel for the plaintiff that the witness had not been properly qualified as an expert in psychiatry, and that his opinion not being based on statements and involuntary expressions of pain and suffering made by the plaintiff in response to manipulations or manual examinations or treatments was not admissible. Assuming, but not deciding, that such objection was proper and should have been sustained as to the evidence objected to, this ground of the motion affirmatively shows that while counsel for the plaintiff, after objecting to certain questions, sought to make one objection to apply to all subsequent questions which might be propounded to the witness calling for testimony as to conversations had with the plaintiff, the court twice refused to accept "blanket objections" and informed counsel that he would have to object to each separate portion of the witness' testimony which he considered objectionable when offered. This ground shows that counsel thereafter failed to make objections to substantially the same testimony elicited from this witness on several subsequent occasions notwithstanding the court's ruling, and he will be deemed to have waived his objection to the testimony first objected to and to have acquiesced in that ruling. *Frost v. State,* 92 Ga. App. 614 (3) (89 SE2d 524); *Seal v. Aldredge,* 100 Ga. App. 458, 460 (1) (111 SE2d 769); *Hunt v. Williams,* 104 Ga. App. 442, 444 (1) (122 SE2d 149). Accordingly, this ground presents nothing for this court's consideration.

4. In the fifth special ground of the motion for a new trial plaintiff contends that the court erred in admitting testimony of a named witness who qualified as a practicing psychiatrist as to the mental condition of the plaintiff and as to the cause of her

hospitalization at Augusta and Milledgeville on the grounds that this testimony violated the prohibition contained in *Code Ann.* § 38-418 (5), excluding, upon consideration of public policy, communications between a psychiatrist and a patient. This ground is insufficient to present any question for our consideration because it sets forth en bloc virtually the entire testimony of the physician, and then sets forth the objection to the testimony urged by counsel for the plaintiff "as soon as and at the time it was offered." It is impossible to tell from this ground to which question or to which portion of the doctor's testimony the objection was interposed, and it must be presumed that this objection was lodged against the entire testimony of the doctor. Much of the testimony set forth in this ground is clearly not objectionable for the reason urged and was material and relevant to the issues in the case and clearly admissible, and it follows, therefore, that this ground of the motion does not present any question for this court's consideration. *Maynard v. Interstate Building &c. Assn.*, 112 Ga. 443, 447 (2) (37 SE 741); *Murphey v. Bush*, 122 Ga. 715, 718 (1) (50 SE 1004); *Sims v. Sims*, 131 Ga. 262 (7) (62 SE 192).

5. Special ground 6 assigns error on the following portion of the charge: "Now the law requires of each of the parties in this case the same degree of care and diligence" on the ground that it was an erroneous statement of the law because the plaintiff was a sick person confined to a hospital, and, her condition being known to the defendant, imposed upon the defendant a greater degree of care than upon the plaintiff, and on the ground that it was confusing and misleading to the jury. This charge was not erroneous for any of the reasons assigned. Upon examination of the record in this case it appears that the sentence excepted to in this ground is the first sentence in the paragraph of the charge where the judge defined for the jury the meaning of ordinary care and diligence and in which he instructed them that the plaintiff was bound to exercise ordinary care and diligence for her own safety, that is, that care *"which an ordinarily prudent person would exercise under the same or similar circumstances, for her own safety."* (Emphasis supplied.) This clearly instructed the jury and authorized them to consider all of the attendant circumstances surrounding the plaintiff's case, including the fact that the plaintiff was sick and confined to a

hospital, in determining whether the plaintiff had exercised ordinary care for her own safety. Manifestly, this was not erroneous.

6. The seventh special ground of the motion purports to assign error on a lengthy extract from the charge of the court covering approximately four and one-half typewritten pages. It was held in *Harrold Bros., Inc. v. Peterman,* 104 Ga. App. 831, 833 (2) (123 SE2d 30): "A substantial portion of the charge assigned as error was correct and applicable to the issues in this case. The defendant enumerates several reasons why the charge was erroneous without specifying any particular portions thereof as being erroneous. This special ground is insufficient to present a question before this court for review. 'In order to be considered by this court, the ground of a motion for a new trial assigning error upon the charge of the court must segregate from the entire charge the part or parts thereof constituting the alleged error.' *Rentz v. Hagan,* 31 Ga. App. 729 (3) (122 SE 247). See also *Grace v. Martin,* 83 Ga. 245 (5) (9 SE 841); *Gulf Life Ins. Co. v. Moore,* 90 Ga. App. 791 (2) (84 SE2d 696); *Anderson v. Southern R. Co.,* 107 Ga. 500 (4c) (33 SE 644); *Atlantic C. L. R. Co. v. Brown,* 82 Ga. App. 889 (62 SE2d 736); *Greeson v. State,* 97 Ga. App. 245 (102 SE2d 503). 'Under repeated rulings of the Supreme Court and of this court, where a portion of an excerpt from the charge of the court, complained of, is not erroneous, and the exception is to the entire excerpt (the erroneous portion not being pointed out), the exception is too broad and will not be considered by the reviewing court.' *Huckaby v. State,* 23 Ga. App. 812 (1) (99 SE 633). See also *White v. State,* 141 Ga. 526 (81 SE 440)." Therefore, this ground of the motion is without merit.

7. The final special ground assigns error on the refusal of the trial court to give two requested instructions. Portions of both of the requests to charge were clearly argumentative in favor of the plaintiff, and for this reason were properly refused. *Emory University v. Lee,* 97 Ga. App. 680 (4) (104 SE2d 234). See also *Wallis v. Heard,* 16 Ga. App. 802, 803 (86 SE 391). Neither of these requests states a wholly correct proposition of law, and under the rule that a request must be perfect before the court will be required to give it, these charges being legally imperfect were properly refused.

8. The general grounds not being argued or insisted on are treated as abandoned.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

ARGUED SEPTEMBER 13, 1965—DECIDED NOVEMBER 9, 1965— REHEARING DENIED NOVEMBER 30, 1965.

*Nathan, Hutto & Lee, Jack Hutto,* for plaintiff in error.
*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* contra.