*William E. Woodside,* for appellee.

## 29030. BONDS v. THE STATE.

UNDERCOFLER, Justice.

Curtis Bonds was indicted for the murder of Ella Mae Bonds. The evidence shows that the defendant and his wife, Ella Mae Bonds, had been separated for several months. He went to the home where she and their four sons lived about 2:00 a.m. on January 27, 1974. The victim awakened the children and told them their father had come to see them. After they had seen their father the children went back to bed. The defendant was drinking vodka. When the children woke up later in the morning the defendant was still in the living room talking with the victim. The victim tried to get the defendant to leave the house and "sleep it off." The victim sent one of the children to her daughter's home to ask for assistance. The defendant asked the victim if she had even seen a "full blooded murder." The defendant had a shotgun with him which he had brought one of their sons. He pointed the gun at the victim and she told him to leave and kept pushing the gun away trying to keep him from shooting her. She succeeded in pushing him out the door and then broke away and ran back into the house. He shot her in the back of the head when she was about to step inside the door. The defendant went back into the house and told the children that he had shot their "old lady." He pointed the gun at them and they asked him not to shoot them. The homicide occurred in the presence of three of the children who testified in this case. After the defendant was arrested the sister of the victim asked him why he had killed her. He stated that she and her brother were next. The defendant testified that he did not know the gun was loaded and that after a brief struggle for the gun with the victim he slipped and fell and that it accidentally fired and hit her in the back of the head.

The jury convicted the defendant of the offense charged and sentenced him to life imprisonment. He

appeals. *Held:*

1. The enumeration of error complaining of the general grounds is without merit. The evidence is sufficient to support the verdict.

2. The trial court fully charged the jury on the law of voluntary manslaughter and accident. The appellant contends, however, that the trial court should have charged the law of involuntary manslaughter.

We do not agree. The evidence of the state shows that the appellant deliberately killed his wife when she ran back into the house to escape. The appellant's defense was that after a playful struggle he slipped and the gun discharged, killing her. There is no question of involuntary manslaughter in this case. Under the evidence the homicide was either murder or accident. The trial court did not err in refusing the requested charge. *Scott v. State,* 210 Ga. 137 (2) (78 SE2d 35); *Sirmans v. State,* 229 Ga. 743 (2, 3) (194 SE2d 476); *Meadows v. State,* 230 Ga. 471 (3) (197 SE2d 698).

3. The appellant contends that the court erred in charging the law of confessions. The record shows that the appellant told his children that he had shot their "old lady" and that he told a neighbor that he had shot Ella Mae. These statements authorized a charge on the law of confessions. The contention of the appellant is without merit. *Weatherby v. State,* 213 Ga. 188 (2) (97 SE2d 698).

4. The appellant contends that the trial court erred in denying his motion to suppress his statement because he was not advised of his constitutional rights before he signed it. The record shows that the appellant was fully advised of his constitutional rights as required by Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), and he then gave a recorded statement to the police officers. Approximately twenty days thereafter the statement was transcribed. The transcribed statement was taken to the appellant and he was reminded that he had been advised of his rights before he made the statement and that he did not have to sign the statement. The appellant read the statement and signed it.

"The purpose of the Miranda decision was to insure that all statements given in a custodial atmosphere are

given freely, voluntarily and by one fully cognizant of the rights afforded him by the Constitution." *Moten v. State,* 231 Ga. 642, 643 (203 SE2d 527). When the appellant in this case made the recorded statement, he was fully advised of his constitutional rights and reminded of them when he signed the statement twenty days later. We find no error.

5. The appellant contends that the trial court erred in not compelling the district attorney to bring a witness to the court so that appellant could have the benefit of her testimony. The witness was a laboratory technician who had been subpoenaed but who was not called upon to testify. The appellant was asked by the trial court if he desired to make a motion and he stated that he did not but was merely inquiring as to whether the witness was available.

" 'There is no requirement either in the Constitution or the statutes that those persons whose names appear on the accusation [or indictment] as witnesses must testify on the trial of the accused. *Harper v. State,* 131 Ga. 771, 773 (63 SE 339).' *Cole v. State,* 86 Ga. App. 770 (3) (72 SE2d 537). The foregoing being the rule with respect to witnesses named in the accusation [or indictment], it must be true, a fortiori, that the state is not required to subpoena and put on the stand a person not listed on the accusation [or indictment], and it does not abridge the defendant's right of confrontation and cross examination for the court to refuse to require the state to summon one not relied on by the state to make out its case before the jury as a witness. In the trial of an accusation, counsel for the state certainly has as wide a latitude in the management of the state's case as does the private practitioner in representing his clients, and can call or refuse to call a particular witness as he sees fit." *Greeson v. State,* 97 Ga. App. 245 (2) (102 SE2d 503).

It follows that this contention is without merit. *Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 19, 1974 — DECIDED SEPTEMBER 4, 1974.

*Palmour, Palmour & Lawson, Robert W. Lawson, Jr.,*

for appellant.

*Jeff C. Wayne, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.