## TIPTON v. THE STATE.

1. An indictment must allege a certain time within the statute of limitations, but on the trial the date may be established by circumstantial evidence.

2. Ordinarily, when a month is referred to, it will be understood to be of the current year, unless from the connection it appear that another is intended.

3. The indictment charged that the offense was committed on August 25, 1903, and on the trial thereafter during the same year the prosecutor testified that the offense was committed on August 25, without stating the year. The defendant sought to prove an alibi, and offered evidence as to where he was on August 25, 1903. It being evident that both the State and the accused understood that the proof went to establish the commission of the act on the ·

day charged in the indictment, a new trial will not be granted on the ground that the evidence left uncertain the time when the offense was committed.

4. Proof that the prosecutor lived in Walker county, and that he was assaulted while in his residence, sufficiently established the venue.

5. It was for the jury to determine whether the positive identification of the defendant as the perpetrator of the crime was met by the proof offered to establish an alibi.

6. Where one was charged with an assault with intent to murder A, and it appeared that the defendant had fired into a house in which A, B, C, and D were living ; that one shot came near B and another within eighteen inches of A, there was evidence to support a conviction of an assault with intent to murder A.

7. This court can not grant a new trial on the ground that the punishment was excessive, even though the defendant was found guilty with a recommendation to mercy.

8. The newly discovered evidence was merely cumulative of that previously offered in support of the defense of alibi. Besides, there was no showing as to the character and credibility of the new witnesses. Civil Code, § 5481.

9. There being no error of law assigned other than that the verdict was contrary to law and the evidence, and the evidence being sufficient to support the verdict, this court will not interfere with the discretion of the judge in refusing a new trial.

Argued December 21, 1903. — Decided January 12, 1904.

Indictment for assault with intent to murder. Before Judge Henry. Walker superior court. November 5, 1903.

*Lumpkin & Rosser* and *John W. Bale,* for plaintiff in error.
*Moses Wright, solicitor-general,* contra.

LAMAR, J.　An indictment must allege a certain time within the statute of limitations when the offense was committed. *Bailey* v. *State,* 65 *Ga.* 410. If the day and month are given and the year is omitted, it is insufficient. Hence, a charge that an offense was committed on " the 3rd of June, instant," was held to be defective, in Com. *v.* Hutton, 5 Gray 89. Gregory *v.* People, 30 Mich. 371; *White* v. *State,* 93 *Ga.* 48 (4). While the allegations in the indictment must be specific, the time may be established by circumstantial evidence, and the present case is within the rule laid down in Tillson *v.* Bowley, 8 Greenleaf (Me.), 163, followed in Marston *v.* Jenness, 12 N. H. 144, that " when a month is referred to, it will be understood to be of the current year, unless from the connection it appears that another is intended." Contra, Lehritter *v.* State, 42 Ind. 383. The indictment was found on August 26, 1903, and alleged that the assault with intent to mur-

der was committed on August 25, 1903. The trial took place in September, but during the same term at which the indictment was found. The witnesses for the State testified that the "shooting occurred at 9:15 p.m., on August 25." The defendant endeavored to establish an alibi, and offered much evidence to show that on August 25, 1903, at 9:15 p.m., he was at a church about four miles distant. The State offered other evidence in rebuttal. From this it appears that both sides understood that August 25, 1903, was the time referred to by the witnesses for the State; and there being no request to charge on this subject or as to the statute of limitations, and the only complaint being that the verdict is contrary to law and evidence, we do not feel authorized to grant a new trial upon the ground that the year was not established with sufficient certainty.

It is now well settled that the failure to establish the venue can be taken advantage of on the general ground that the verdict is contrary to law, even though no question on that subject was raised in the lower court, and there is no specific assignment of error to call the State's counsel's attention to the fact that a reversal will be asked on that ground. But these rulings will not be extended; the record will be searched; and if it appears even by circumstantial evidence that the crime was committed within the jurisdiction of the court, a new trial will not be granted, even though no witness specifically stated that the offense was committed within the county. Here there was enough to establish the venue. It appeared that the prosecutor lived in Walker county, and that he and his family were fired on while in his residence.

The defendant sought to establish an alibi, and also claimed that the offense, if any, was not assault with intent to murder T. B. Arnold, but his wife. It appeared that ten or twelve shots were fired into the house in which the prosecutor, his wife, and family were living. The prosecutor positively and explicitly identified the defendant; and it was for the jury to pass upon the conflict occasioned by this evidence and that of a witness who swore that at the time of the shooting he saw the defendant at a church four miles distant. It was also for the jury to say whether the assault was with intent to murder the wife or the husband. There was evidence that one ball came within three inches of the wife, and another within eighteen inches of the husband. While the case

is close under the evidence, there was sufficient to sustain the verdict; and there being no error of law complained of, and no assignment of error on the charge of the court, we must decline to interfere with the refusal of the judge to grant a new trial.

The newly discovered evidence of other persons who were at the church was cumulative, and besides there was no showing by the defendant that he did not know and by the exercise of ordinary care could not have discovered the existence of such evidence.

*Judgment affirmed. All the Justices concur.*