### 9497.   GOLDBERG v. THE STATE.

BROYLES, P. J.   1. An indictment must allege a certain time within the statute of limitations, but on the trial the date may be established by circumstantial evidence. Ordinarily, when a month is referred to, it will be understood to be of the current year, unless from the connection it appear that another is intended. *Tipton* v. *State*, 119 *Ga.* 304 (46 S. E. 436).

2. The accusation alleged that the offense was committed on the 27th day of October, 1917. The case was tried in November, 1917. Upon the trial there was testimony that the defendant committed the offense on "the 27th day of October." It is evident from the record that both the State and the accused understood that the proof went to establish the commission of the act on the day charged in the indictment, and a new trial will not be granted on the ground that the evidence left uncertain the time when the offense was committed. *Tipton* v. *State*, supra; *Jordan* v *State*, 119 *Ga.* 443 (46 S. E. 679).

3. Under the facts of the case it was not error for the court to refuse the request to charge the jury the law as to positive and negative testimony, as embodied in section 5751 of the Civil Code of 1910.

4. "In every case it is largely within the discretion of the trial judge, at any stage of the proceedings, to permit the case to be opened and new evidence submitted by either party; and this court will not reverse the court below in the exercise of such discretion, unless it appears that from an abuse thereof the plaintiff in error has lost some substantial right, the allowance of which probably would have affected the verdict rendered." *Powell* v. *State*, 101 *Ga.* 9 (3), 18 (29 S. E. 309, 65 A. S. R. 277). When this ruling is applied to the facts of the instant case it does not appear that the court erred in allowing the case to be re-opened by the State, over the defendant's objections, after the arguments had been made and the judge had commenced his charge. Nor was this action of the court erroneous for any of the reasons assigned.

5. There was an attempt to impeach a witness for the defense solely because of alleged contradictory statements previously made by him as to a material issue in the case. It was therefore not cause for a new trial that the judge did not qualify his instructions to the jury on the subject by informing them that a witness might be impeached by proof of such contradictory statements *only as related to matters relevant to his testimony and to the case on trial.* *Tucker* v. *Central of Georgia Ry. Co.*, 122 *Ga.* 387 (50 S. E. 128). The charge on the subject of impeachment of witnesses was not erroneous for any other reason assigned.

6. The verdict was authorized by the evidence, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED APRIL 2, 1918.

Accusation of misdemeanor; from city court of Savannah— Judge Rourke. December 22, 1917.

*Shelby Myrick, Robert L. Colding,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.