DECIDED FEBRUARY 24, 1937.

#### 26058. RIVERS *v.* THE STATE.

DECIDED FEBRUARY 24, 1937.

*Casey Thigpen,* for plaintiff in error.

*Q. L. Bryant, solicitor,* contra.

GUERRY, J. The defendant was found guilty under an accusation charging him with being drunk on a public highway. The accusation charged that the offense was committed on September 19, 1936. None of the witnesses testified to the date the offense was committed. They testified to the "night he was arrested," and some to his conduct and whereabouts on "that night."

"It is essential, to sustain a conviction of a criminal offense, that it be distinctly shown that the alleged offense was committed prior to the suing out of the accusation. . . The burden is as much upon the State to prove affirmatively that the accusation . . was subsequent in time to the commission of the alleged offense as it is to show that the offense did not so far antedate the accusation as to be barred by the statute of limitations. The failure to prove either is fatal to the State's case." *Askew* v. *State,* 3 *Ga. App.* 79 (59 S. E. 311); *Miller* v. *State,* 51 *Ga. App.* 263 (180 S. E. 362), and cit. In so far as the record before this court discloses, the State did not carry the burden in either particular; and the specific assignment of error being made in the motion for new trial, we are of the opinion that the judge erred in overruling the motion for new trial. .

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*