41622. VEASEY v. THE STATE.

PANNELL, Judge. 1. "An indictment must allege a certain time within the statute of limitations, but on the trial the date may be established by circumstantial evidence. Ordinarily when a month is referred to, it will be understood to be of the current year, unless from the connection it appear that another is intended. *Tipton v. State,* 119 Ga. 304 (46 SE 436)." *Goldberg v. State,* 22 Ga. App. 122 (1) (95 SE 541).

2. The accusation alleged that the offense was committed on June 26, 1965. The case was tried on July 29, 1965. There was testimony that the defendant committed the offense on June 26th, on a Saturday. This court will take judicial cognizance that June 26, 1965, was on a Saturday, and this same date in 1964 was on a Friday; and in 1963 on a Wednesday; and in 1962 on a Tuesday. There is evidence, therefore, that all parties understood that the proof went to establish the commission of the offense on the day charged in the accusation, and a new trial will not be granted on the ground that the evidence left uncertain the time when the offense was committed. *Goldberg v. State,* 22 Ga. App. 122, supra. *Plair v. State,* 23 Ga. App. 574 (1) (99 SE 61). In *Rivers v. State,* 55 Ga. App. 290 (189 SE 923), relied upon by the appellant, the evidence disclosed no date whatsoever. That case, therefore, is not controlling here.

3. "The defense of entrapment is not successful when the conduct of investigating officers toward the accused would not likely have enticed into crime an unwary innocent who would otherwise have struggled with himself and resisted ordinary temptations, but would be likely to induce only those ready and willing to commit a crime." *Merritt v. State,* 110 Ga. App. 150 (137 SE2d 917). It follows, therefore, that upon application of the above quoted principle

to the facts of the present case (which for the purposes of this decision are almost identical with the facts in *Merritt v. State*, 110 Ga. App. 150, supra), it must be held that the defense of entrapment was not proven.

4. The evidence was sufficient to authorize the verdict finding the defendant guilty of selling nontax-paid whiskey.

*Judgment affirmed.* *Nichols, P. J., and Eberhardt, J., concur.*

SUBMITTED NOVEMBER 2, 1965—DECIDED NOVEMBER 16, 1965.

*Casey Thigpen,* for appellant.

*Thomas A. Hutcheson, Solicitor,* for appellee.

