## 47851. PHILPOT v. THE STATE.

DEEN, Judge. Philpot was indicted for armed robbery and convicted of robbery by intimidation. He filed his appeal to the Supreme Court which, by opinion dated October 23, 1972 (Case No. 27360) transferred it to this court on the basis that it involved only an application of plain constitutional provisions.

1. A post-indictment line-up is a critical prosecutive stage in the assessment of guilt, and the accused has a constitutional right to have counsel present at this point. Failure to observe this safeguard renders the evidence obtained subject to exclusion "unless it can be established that such evidence had an independent origin or that error in its admission was harmless." United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149). And see Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199). However, the line-up procedure complained of here stems from the fact that Philpot had immediately after the hold-up of a chain store known as Mini-Chex, Inc. been identified by a boy working in the store by name as a person whom he had seen at his mother's house the day before, and the line-up of Philpot with eight other jail prisoners was for the purpose of determining whether young Harris

would recognize him under these circumstances. Another clerk's identification was also sought; both immediately picked him out. Harris testified that he knew him from before the robbery and recognized him immediately; the other clerk, who had seen him only in the store on two occasions (that of the robbery, and one immediately preceding it) also recognized him immediately. Since the line-up was the result of Harris' prior identification, we hold that any error in not appointing counsel to be present was harmless.

2. It is further urged that Philpot was placed with jail prisoners many years younger than he. This is sought to be shown by jail records, which do not show Philpot's age, and by the testimony of the sheriff, who swore that the men were in fact close in age to Philpot. The clerk testified they were "in between." The evidence does not demand a finding that the line-up was unfairly weighted against the prisoner.

3. Under Code Ann. § 27-2534 a record of prior convictions may be introduced at the presentence hearing, provided such evidence is made available to the defendant prior thereto. Appellant contends that the record of prior convictions against him introduced at such hearing should be set aside because the state did not also offer to prove that the defendant was represented by counsel at the trials which resulted in such prior convictions. There was no evidence that he was *not* so represented nor was the record objected to for any reason. We find nothing in the United States v. Tucker, 404 U.S. 443 which requires such proof as a condition for the prima facie right to introduce the record of a former conviction at such a hearing, nor was any objection to the procedure raised at the trial. This enumeration of error is without merit.

4. "Though an indictment for robbery need not charge that the property alleged to have been forcibly taken from the person of the victim, in fact, belonged to a

third person, if it does so charge, it is essential that the state prove the case as laid." *Stapels v. State,* 114 Ga. 256 (40 SE 264). Where no issue is raised, however, slight evidence will suffice. It was established without contradiction that the robber threatened the cashier of the alleged corporate owner with a knife and took $154 "from the store" by having it removed from the cash register.

The evidence was sufficient to support the verdict of guilty.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
ARGUED FEBRUARY 5, 1973 — DECIDED FEBRUARY 19, 1973.

*Glover & Davis, J. Littleton Glover, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.