## 53769. GAINES v. THE STATE.

BANKE, Judge.

The defendant appeals from his conviction of first degree forgery.

Around June 1976, the defendant was hired to paint part of the building occupied by Cotton Patch Interiors of Newnan. At the defendant's suggestion, the proprietor of Cotton Patch Interiors left the key with him one night so that he could paint after business hours. There is evidence

that the defendant stole some blank checks on an account of Cotton Patch while performing his job and subsequently aided in forging and negotiating one of them.

1. The defendant's first enumeration of error deals with a denial of a motion for continuance. Upon the call of the case for trial, and in the presence of the entire panel of veniremen, the district attorney announced that a guilty plea would be entered. Later, out of the presence of the prospective jurors, the defendant tendered a plea of guilty. After hearing the district attorney's recommendation as to sentence, the trial judge refused to accept the recommendation, whereupon the defendant withdrew his plea of guilty. Before a jury was selected to try the case, the defendant moved for a continuance, claiming that the announcement made in the presence of the prospective jurors had deprived him of a fair and impartial panel from which to select a jury.

A continuance must be allowed where the principles of justice so require. Code § 27-2002. It is easy to see how the district attorney's announcement of a guilty plea could have prejudiced some jurors. See *Sides v. State,* 213 Ga. 482 (1) (99 SE2d 884) (1957). We caution district attorneys in the future not to announce in the presence of prospective jurors that a guilty plea will be entered. Such announcement should be made out of the presence or hearing of veniremen.

In spite of the district attorney's prejudicial remark, the transcript of the voir dire questioning of jurors in the case sub judice shows absolutely nothing to indicate that any juror was even aware of the district attorney's announcement. All veniremen who were asked if they had heard any of the preliminary procedures which had taken place that morning responded in the negative. All jurors answered the qualifying questions in such a way as to show that they were not biased. The trial judge himself expressed doubts as to whether prospective jurors were able to hear the district attorney's statement.

Because voir dire questioning showed that no prejudice toward the defendant had resulted from the announcement, the trial judge did not err in denying the motion for a continuance. See *Wilburn v. State,* 141 Ga.

510 (3) (81 SE 444) (1914); *Spradlin v. State,* 90 Ga. App. 97 (5) (82 SE2d 238) (1954). "The grant of motions for continuance is within the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he abused his discretion." *Harris v. State,* 211 Ga. 327 (1) (85 SE2d 770) (1955); see *Heard v. State,* 141 Ga. App. 666 (4) (1977); *Dent v. State,* 139 Ga. App. 321 (228 SE2d 357) (1976).

2. The defendant contends that the trial judge erred in failing to grant a continuance based on the state's notification immediately before trial of its intention to call as a witness a person who was not on its original list of witnesses. That person, Walter McLendon, was a co-indictee of the defendant, and his name appears on the defendant's indictment. The trial judge did not err in his ruling, because the name of a person appearing on the indictment need not be included on the state's list of witnesses. *Hibbs v. State,* 133 Ga. App. 407 (2) (211 SE2d 24) (1974).

3. The defendant enumerates as error the denial of his motion for a directed verdict, contending that there is no evidence to show that the offense was committed during the period of time antedating the indictment and within the statute of limitation. See *Rivers v. State,* 55 Ga. App. 290 (189 SE 923) (1937). The trial judge did not err, however.

Circumstantial evidence may be used to ascertain the date of the crime. *Decker v. State,* 139 Ga. App. 707 (5) (229 SE2d 520) (1976). In the instant case there was testimony that the defendant painted Cotton Patch Interiors around June 1976 and that he finished the job "somewhere around the 10th or so of June, and [the owner] did not discover these checks until the bank statements came July first." The forged instrument was dated "6/26/76." The evidence, while circumstantial, is sufficient proof of the date of the offense to survive a motion for a directed verdict. *Veasey v. State,* 112 Ga. App. 651 (1) (145 SE2d 745) (1965).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED APRIL 12, 1977 — DECIDED MAY 3, 1977.

*Steven E. Fanning,* for appellant.

*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.