## 56490. BROWN v. THE STATE.

DEEN, Presiding Judge.

David Lee Brown was indicted, tried by a jury, and convicted of armed robbery. He was sentenced to a term of ten years to be served in a state penitentiary.

1. Appellant contends that the failure of the alleged victim to appear at trial and testify against him resulted in the failure of the state to prove the elements of the crime and denied him his constitutional right of confrontation. The evidence shows that there were two eyewitnesses to the crime and that one of the witnesses testified that she overheard him planning the crime with the other witness, that she saw defendant hold a gun on the victim while he reached in the victim's pocket and removed some money, and that she later overheard defendant tell the other witness that he had taken $19 from the victim. The co-defendant testified that he saw appellant reach into the victim's pocket, but did not see him take any money although he heard the victim say: "You got the money, why don't you leave me alone." He further revealed that on the following day he received $20

from the defendant as his share of the robbery proceeds.

We find this enumeration without merit. In *Heard v. State,* 126 Ga. App. 62 (189 SE2d 895) (1972), one of the victims of the crime did not testify and this court held that where the other victim, an eyewitness to the crime, testified and there was direct evidence of the essential elements of the crime, the evidence amply supported the verdict. We believe that this same fact situation exists in the present case. In the *Heard* case, defendant's argument that he had a right to be confronted by his accuser was held to be without merit and his constitutional right of confrontation was not abridged because "[t]he State or the People is the accuser. The constitutional right is the right to be confronted with the *witnesses* testifying against him." *Heard v. State,* supra, at 66.

2. Appellant does not have a right to counsel at a display of photographs. United States v. Ash, 413 U. S. 300 (93 SC 2568, 37 LE2d 619) (1973).

3. It was not error for the trial court to deny appellant the right to cross examine one of the state's witnesses concerning her indictment for selling drugs. "... [A] mere indictment or a charge or an arrest or a trial and acquittal, are not legal methods of impeachment." *Whittley v. State,* 188 Ga. 177, 179 (3 SE2d 588) (1939).

4. Introduction of a certified copy of the co-defendant's prior conviction for burglary does not render the witness ineligible to testify. It is only evidence which tends to impeach him, and the jury is the sole judge of the credibility of the witness after it has been given proper instructions by the court. *Taylor v. Marsh,* 107 Ga. App. 575 (130 SE2d 770) (1963).

5. Appellant also asserts the general grounds. As there was evidence to support his conviction, the trial court did not err in denying his motion to dismiss at the close of the evidence. *State v. Swift,* 232 Ga. 535 (207 SE2d 459) (1974).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1978 — DECIDED OCTOBER 18, 1978.

*Otis L. Scarbary,* for appellant.

*W. Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney,* for appellee.