## 58810. WEEKS v. THE STATE.

DEEN, Chief Judge.

Appellant Weeks was tried by a jury and convicted of two counts of child molestation and one count of simple battery. The alleged victims were his two daughters and his wife. He brings this appeal following the denial of his motion for a new trial.

1. The trial court did not commit reversible error in charging simple battery as a lesser included offense of child molestation. "An erroneous charge on a lesser crime to that set forth in the indictment or accusation does not rise to the level of reversible error, unless such charge was harmful to the accused as a matter of law." *State v. Stonaker*, 236 Ga. 1, 2 (4) (222 SE2d 354) (1976).

2. Appellant next contends that the trial court record did not show that he made a voluntary, knowing, and intelligent waiver of counsel as required under *Blue v. State*, 144 Ga. App. 378 (241 SE2d 36) (1977). In that case, the defendant declined to be tried by a jury. Here, the defendant was tried by a jury and the record clearly shows that he desired to represent himself and that a public defender was present with him and advised him throughout the trial of the case. Art. I, Sec. I, Par. IX of the Constitution of Georgia (Code Ann. § 2-109) guarantees the right of self-representation. See also *Burney v. State*, 244 Ga. 33 (257 SE2d 543) (1979). We find no merit in this enumeration.

3. Appellant also asserts the general grounds. We have examined the trial transcript and find that a rational trier of fact could reasonably have found from the evidence that the defendant was guilty beyond a reasonable doubt. See Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560). "The credibility of a witness is a matter to be determined by a jury under proper instructions from the court." Code Ann. § 38-1805; *Leach v. State*, 143 Ga. App. 598 (239 SE2d 177) (1977). The trial judge's instruction on the credibility of the witnesses was sufficient to instruct the jurors as to how contradictory testimony was to be weighed.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED NOVEMBER 5, 1979 — DECIDED
NOVEMBER 30, 1979.

*Vernon S. Pitts, Jr., Michael E. Hancock,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.