## 60614. YOUNG v. THE STATE.

SOGNIER, Judge.

Young was convicted in the Superior Court of Hall County of two counts of armed robbery. He enumerates 16 errors on appeal, three of them on the general grounds.

1. Enumerations 1, 2, 3 and 8 deal with testimony of Darrell Harris, a co-actor in the armed robberies, and certain motions in connection with such testimony. Harris made a written, pretrial statement to police admitting his participation in the robberies and implicating Young. Harris was called as a state witness (having pled guilty previously) and admitted his part in the robberies; however, he testified that Young had nothing to do with them. Therefore, the state claimed surprise as to Harris' testimony pertaining to each robbery and was allowed to use his pretrial statement for purposes of impeachment only. Appellant's objection to this procedure was overruled, as were his motions to strike Harris' testimony and for a mistrial. Appellant alleges these rulings were error, and also alleges it was error to charge the jury on impeachment by prior inconsistent statements.

Code Ann. § 38-1801 authorizes impeachment of a party's own witness when the party can show that he has been entrapped by a prior contradictory statement. It is not necessary that the witness' testimony be a total surprise (*Ellenburg v. State,* 239 Ga. 309, 310 (1) (236 SE2d 650) (1977)), and the facts in this case would support a finding that the state has shown adequate surprise. *Robinson v. State,* 150 Ga. App. 642, 643 (3) (258 SE2d 294) (1979). Appellant's argument that the statement cannot be used because such a statement must be communicated to a party acting on behalf of the district attorney is not well taken. In *Robinson,* supra, the prior inconsistent statement was given to the police, and this court found

no error in using such a statement for purposes of impeachment. Thus, the trial court was justified in permitting the cross-examination and impeachment of Harris, and its rulings pertaining thereto were correct.

In regard to appellant's contention that it was error to charge the jury on the effect of impeaching a witness by use of a prior contradictory statement, the purpose of impeachment is to attack the credibility of a witness. Hence, it is proper to instruct the jury that the statement can be considered in determining the credibility of the witness who made such a prior contradictory statement.

2. Appellant contends the trial court erred in admitting into evidence State Exhibits 2, 3, 4, 10, 11 and 12. Exhibit 2 related to a charge of which appellant was found not guilty; therefore, the question of that exhibit's admissibility is moot. The remaining exhibits consisted of items allegedly taken in the robbery and a photograph of some ammunition lying on the ground outside appellant's van when he was apprehended. All of these items related directly to the offenses allegedly committed by appellant and hence, were admissible in evidence. If evidence has any probative value at all, it is proper to let the jury consider it. *Fuller v. State,* 196 Ga. 237, 239 (2) (26 SE2d 281) (1943).

3. Appellant made a pretrial statement to police, and after a Jackson-Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964)) the trial court determined the statements were made voluntarily and admitted them in evidence. Appellant contends the statements were inadmissible because an attorney had been appointed to represent appellant at the time the statements were made, and the attorney was not present.

The attorney stated at trial that he was notified by telephone at 11:05 a. m., February 11, 1980 that he had been appointed to represent accused. Commencing at 1:08 p. m. the same date, police officials questioned appellant and obtained both written and oral pretrial statements from him. The interrogation was stopped at 2:10 p. m. when the accused stated he wanted to talk to a lawyer. Appellant's counsel stated to the court that he went to the Hall County jail between 1:30 and 2:00 p. m., February 11, 1980 to see appellant and learned he was at the Public Safety Building for questioning. Appellant contends that because an attorney was appointed to represent him prior to questioning, no intelligent waiver of counsel could be made unless appellant was informed of such counsel's appointment. We do not agree.

There is no evidence indicating that the police or appellant knew an attorney had been appointed to represent appellant before he was questioned by the police. The New York rule referred to by appellant

in his brief is applicable only when a prisoner is *known by police* to be represented by counsel. See *Pierce v. State,* 235 Ga. 237, 238 (2) (219 SE2d 158) (1975). In *Pierce* the Supreme Court, after referring to the New York rule, stated that "we adhere to our rule that considering the totality of the circumstances such a statement may be shown to be voluntary even though made in the absence of counsel after counsel has been retained or appointed. [Cits.]" Id., at 239 (2).

A statement of an accused is admissible if it was made voluntarily, without inducement by another, by the slightest hope of benefit or remotest fear of injury. Code Ann. § 38-411; *Pless v. State,* 142 Ga. App. 594, 597 (236 SE2d 842) (1977). The trial court's determination was considered properly at a Jackson-Denno hearing outside the presence of the jury. Any factual or credibility determination was made by the trial judge and will be accepted by an appellate court unless clearly erroneous. *High v. State,* 233 Ga. 153, 154 (210 SE2d 673) (1974). Having considered all circumstances in this case, we conclude there was a knowing, intelligent waiver of counsel by appellant, and his statement was given freely and voluntarily.

4. Appellant's enumerations of error 7, 9 and 13 all relate to charges to the jury which appellant contends were erroneous. However, the trial court's charges in each instance were correct statements of the law and hence, no error was committed. See *Philpot v. State,* 128 Ga. App. 243, 244 (4) (196 SE2d 358) (1973) and *Eubanks v. State,* 240 Ga. 544 (242 SE2d 41) (1978).

5. In Enumerations 6, 14, 15 and 16 appellant contends the trial court erred in denying a motion for acquittal as to Count 2, and enumerates error on the general grounds. We find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979). It follows that the trial court did not err in denying the motion for acquittal.

The remaining enumerations are without merit.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 10, 1980 — DECIDED JANUARY 5, 1981 —

*Charles W. Smith, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.