## 61846. STEVENS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried, and convicted of the offense of armed robbery. Defendant's motion for new trial as amended was denied, and defendant appeals, enumerating as error the general grounds of the motion for new trial and the sufficiency of the evidence as to the identity of the owner of the currency alleged to have been stolen. *Held:*

1. The state's evidence shows that on the date in question the state's chief witness was working in her father's package store, the S and S Package Store. Defendant and a companion entered the store. Defendant bought an orange drink and the two individuals remained in the store for a period of time until another customer entered the store, at which time the defendant and his companion left. This witness waited on the customer who had entered and as that customer left, the defendant, along with his companion, reentered the store. At this time the witness became suspicious and went to get a gun which was in her pocketbook, but as she reached to get it, she noticed that defendant was standing there looking at her, so she raised back up and went to the cash register. A few moments later defendant bought some crackers and paid for them. The defendant's companion started to walk out of the store then turned back toward the witness, pointing a gun at her and ordering her to give him the contents of the cash register. The defendant, who was standing so close to his companion when the companion turned around with the gun that they were touching, then walked out of the store toward the car in which the two (defendant and companion) had arrived. The witness took the money from the cash register and put it in a bag and laid it on the counter. Defendant's companion also demanded her pocketbook. She turned around to get it for him and when she turned

back he was gone. The witness ran to the door and saw the two (defendant and companion) hastily driving away. She called the police, who responded by soon apprehending the defendant and his companion. Police found a revolver and a bag of money under the seat of the vehicle in which defendant and his companion were apprehended.

Defendant's companion was called as a witness by the state. This witness, who had previously pleaded guilty to charges arising from the armed robbery here, refuted his prior statements implicating defendant which he had made when he was allegedly "mad" at defendant. In addition to refuting his prior statements defendant's companion testified that defendant did not participate in nor have prior knowledge of his intent to commit armed robbery.

Defendant testified that he did not participate in the armed robbery. According to defendant's testimony he did not become aware of his companion's intent or actions until the companion exited the store with the gun in one hand and the bag of money in the other. Defendant explained his flight from the scene by his testimony that he panicked.

The evidence presented by the parties was thus in conflict as to several material issues relevant to a determination of whether defendant was "concerned in the commission" of the armed robbery in that he intentionally aided or abetted in the commission of the crime. See Code Ann. § 26-801 (b)(3) (Ga. L. 1968, pp. 1249, 1271). "The credibility of a witness is a matter to be determined by a jury under proper instructions from the court." Code § 38-1805; *Weeks v. State,* 152 Ga. App. 629 (3) (263 SE2d 513).

The state's evidence of the defendant's arrival with the individual who directly committed the crime, the suspicious behavior of the pair in repeatedly entering and loitering about the store, defendant's presence when his companion turned and threatened the store employee with a gun, followed by the defendant and companion hastily driving away together, are all evidence which, if accepted by the jury, would authorize the jury to conclude that the defendant here aided and abetted in the commission of the armed robbery in question and was thus a party to the crime. *Simmons v. State,* 129 Ga. App. 107, 108 (198 SE2d 718); *Brooks v. State,* 151 Ga. App. 384, 386 (1) (259 SE2d 743).

After a careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of armed robbery. *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201).

2. The indictment alleged that the money taken was "the property of Holbert Sutton, d/b/a S and S Package Store . . ." Defendant contends that there is a fatal variance between the allegata and probata in that there is no evidence in the record that the property in question was that of Holbert Sutton or S and S Package Store. The factual premise upon which this contention is predicated is incorrect, however, as the record shows that the property was taken from the cash register of the S and S Package Store. This was sufficient evidence as to the ownership of the money. See in this regard *Philpot v. State,* 128 Ga. App. 243, 245 (4) (196 SE2d 358). Additionally, we note that this state no longer strictly applies the fatal variance rule. *Tyson v. State,* 145 Ga. App. 21, 22 (243 SE2d 314). "[A] variance is not fatal unless it misinforms the defendant as to the charges against him or leaves him open to subsequent prosecutions for the same offense." *Abercrombie v. State,* 145 Ga. App. 204 (243 SE2d 567). See also *De Palma v. State,* 225 Ga. 465, 469 (169 SE2d 801); *Dobbs v. State,* 235 Ga. 800, 801 (3) (221 SE2d 576); Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314). We find no deficiencies under this test in the case sub judice.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED APRIL 24, 1981 —
REHEARING DENIED MAY 27, 1981

*Jefferson L. Davis, Jr., Gene Greene,* for appellant.
*Darrell Wilson, District Attorney, C. Gregory Culverhouse, Charles Crawford, Assistant District Attorneys,* for appellee.