## 61904. JACKSON v. THE STATE.

BANKE, Judge.

The defendant was convicted of two counts of armed robbery and sentenced as an habitual offender to two consecutive terms of life imprisonment. His primary contentions on appeal are that certain allegations in the indictment were not proven as charged, that the issue of his habitual offender status was improperly decided by the trial judge rather than the jury, and that the judge failed to consider the option of sentencing him to 20-year terms rather than to life terms. *Held:*

1. The state's failure to prove the allegations in the indictment to the effect that the money stolen from the two victims, both of whom were convenience store cashiers, belonged to the store owners rather than to the victims themselves does not require reversal. In *De Palma v. State,* 225 Ga. 465 (3) (169 SE2d 801) (1969), it was held that such a variance is not fatal because it does not misinform the defendant of the charges against him and does not leave him open to a subsequent prosecution for the same offense. The contrary holding cited by the defendant from *Staples v. State,* 114 Ga. 256 (40 SE 264) (1901), has thus been superseded, and this court's reliance upon it in *Philpot v. State,* 128 Ga. App. 243 (4) (196 SE2d 358) (1973), was accordingly misplaced. Moreover, even had the state been required to prove ownership as alleged in the indictment, the uncontradicted testimony that in each case the money was taken from the store's cash register would have been sufficient to carry the burden. See *Philpot v. State,* supra. Accord *Stevens v. State,* 158 Ga. App. 656 (1981).

2. The evidence was sufficient to prove the identity of the person named as the victim in Count 2, even though he did not appear as a witness at trial. Two juvenile accomplices, appearing as witnesses for the state, testified that they had robbed the store's cashier. A supervisor for the corporation that owned the store supplied the man's name and testified that no other employees had been on duty in the store on the morning in question. In the absence of any evidence to indicate that someone else may have been the actual victim, this evidence was sufficient. Accord *Heard v. State,* 126 Ga. App. 62 (3) (189 SE2d 895) (1972); *Brown v. State,* 147 Ga. App. 638 (1) (249 SE2d 689) (1978).

3. Reversal of the conviction on Count 2 is not required because the evidence showed that the robbery was committed with a shotgun, whereas the indictment alleged that it had been committed with a pistol. *Brawner v. State,* 81 Ga. App. 163 (3) (58 SE2d 238) (1950).

4. There was ample evidence to establish that the year in which the robberies took place was 1980, as alleged in the indictment,

although the state's witnesses referred merely to the month and day in question. The trial took place in 1980, only four months after the offenses were alleged to have occurred; and, thus in the absence of some indication that another year was intended, it is understood that the witnesses were referring to 1980. See *Veasey v. State,* 112 Ga. App. 651 (1) (145 SE2d 745) (1965). Also, several of the witnesses referred to the day of the week as well as the day of the month, and the two match up for 1980. *Id.* at Division 2. Further evidence was provided by the defendant's own alibi defense, which related to 1980. See *Tipton v. State,* 119 Ga. 304 (3) (46 SE 436) (1903). Finally, it was shown that the getaway car used in the robberies was rented to the appellant on the dates in question.

5. We reject the defendant's contention that the indictment charged him with being a recidivist only as to Count 2 and not as to Count 1. The indictment did not charge him with being a recidivist as to a particular count but listed his six prior felony convictions (two robberies, two forgeries, one burglary, and one rape) on a separate page. However, regardless of where the offenses were listed, it would be totally illogical to conclude that the indictment charged him with being an habitual offender as to one count but not as to the other.

6. The state was not required to prove the prior convictions to the jury as a prerequisite to insisting upon an habitual offender sentence. Code Ann. § 27-2503 (a) (Ga. L. 1974, pp. 352, 357) provides: "Except in cases in which the death penalty may be imposed, upon the return of a verdict of 'guilty' by the jury in any felony case, the judge shall dismiss the jury and shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed. In such hearing the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions. . ." Under this statute it is clear that the jury had no further function to perform after returning its verdict. The cases cited by the defendant are inapposite in that they were decided prior to the enactment of this statute, at a time when the jury either imposed sentence or made binding sentence recommendations.

7. Having determined that the defendant was an habitual offender under Code § 27-2511, the trial court did not err in concluding that a sentence of life imprisonment was mandatory on each conviction. The statute provides: "If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the

punishment of the offense of which he stands convicted." The longest period of time prescribed for armed robbery is, of course, life imprisonment. See Code Ann. § 26-1902.

The defendant cites *Winston v. State,* 186 Ga. 573 (6), 577-578 (198 SE 667) (1938), for the proposition that a "period of time" means a specified number of years. We do not understand *Winston* to be based on such reasoning. That case held that under Ga. L. 1937, p. 490, which set forth the punishment for "robbery by open force," a jury was entitled to recommend a 20-year sentence even for an habitual offender. However, this holding was based on the fact that the 1937 statute stated that the jury was "in all cases" authorized to recommend imprisonment for not less than four nor more than 20 years, and the statute had been enacted subsequent to the enactment of § 27-2511. Since there is no such language in the present armed robbery statute (Code Ann. § 26-1902), there is no longer any basis for such a holding.

8. The trial court did not err in refusing to permit defense counsel to examine notes used by a police witness to refresh his recollection. Although the defendant contends that this ruling denied him the right to a thorough cross examination of the witness, he did not indicate what he sought to establish by obtaining access to the notes; nor, for that matter, did he ask the witness any questions about them. It is clear that the request was based on the mere hope that he might discover something in the notes favorable to him, and it is well settled that a party has no right to examine for this purpose private notes used by a witness to refresh his recollection. See, e.g., *McEachin v. State,* 245 Ga. 606 (5) (266 SE2d 210) (1980), and cases cited therein. Although the defendant urges this court to overrule this line of cases, we are without authority to overrule Supreme Court precedent.

9. The defendant's final contention is that the court erred in interfering with his attorney's attempt to silence him as he was in the process of arguing with the court during the sentencing hearing. Defense counsel interrupted the defendant by stating, "This is not going to do you any good;" whereupon the court said, "Let him get it off his chest;" and defense counsel responded by telling his client, "Go ahead and get it all out." We cannot agree that this constituted interference by the court with the attorney-client relationship.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 29, 1981 —

*Fred M. Hasty,* for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.