### 76296. GAINEY v. THE STATE.
(369 SE2d 313)

BIRDSONG, Chief Judge.

Marvin Gainey, the appellant, was indicted for carrying a weapon at a public gathering, possession of a sawed-off shotgun, and aggravated assault. The jury returned a verdict of guilty only as to carrying a weapon at a public gathering and aggravated assault.

The State introduced evidence to show that on the evening of January 24, 1987, in a restaurant and bar, known as Melvin's Place, in Bibb County, Gainey was seen walking in the front door with a gun. Donald Willis, who worked there, testified that Gainey had a "sawed-off shotgun [at] his side" and he grabbed Gainey from the rear about both of his upper arms, but Gainey "just snatched away and shot." He looked in the direction where Gainey had shot and saw Darrell Addams, who was nicknamed "Peppi," getting up off the floor "in the vicinity of the shot. . . ." Willis said: "I saw him raise the gun and shoot him [Peppi]." Joseph Willis, the father of Donald, was also present, saw Gainey fire his shotgun, leave the cafe and drive away. Neither Joseph Willis nor either of his two sons saw Peppi with a weapon at any time that evening.

However, David Gibb and Curtis Spencer testified that they had been talking to two girls who were sitting in a booth with Peppi and they had called Gainey, who was shooting pool, to come over to the booth. When Gainey arrived, he said that Peppi produced a .25 automatic, pointed it at him and said: "What you want to do?" This was corroborated by Gibb and Spencer. Gainey said that he responded: "I don't want to do nothing, man," and left the cafe. He had driven Gibb's pickup truck to the cafe that evening and he went to the truck and took out the 12 gauge shotgun, which he described as a "riot gun" with "a pistol grip," which had a barrel length of "eighteen and three-

quarters." See OCGA § 16-11-121 (5). Gainey testified that when he entered with the shotgun, Willis grabbed him from behind and "I shoved him off and I seen Peppi still got the gun out and waving it just like that, like he was trying to get a shot on me, and so I — I fired." He said that he "meant to fire it then. . . . I was shooting at him [Peppi]." He was asked: "Were you trying to hit him? A. Not really. Q. But you shot at him? A. Yes." Gainey said that he fired at Peppi "[t]o protect myself." Gainey brings this appeal from the jury verdict of guilty as to aggravated assault and carrying a weapon at a public gathering. *Held*:

Appellant raises only the question of the sufficiency of the evidence. The State was unable to find Peppi and he did not appear as a witness. However, it is not a requisite for conviction, that the victim testify. *Brown v. State*, 147 Ga. App. 638 (1) (249 SE2d 689). The question is not who testifies, but whether the witnesses who do testify establish all elements of the offenses charged. *Heard v. State*, 126 Ga. App. 62 (3) (189 SE2d 895). The evidence was in conflict as to whether Peppi was in possession of a pistol that night and whether Gainey acted in self-defense by going to his truck and securing a weapon, returning to the cafe and firing it at the victim. When the evidence is in conflict, the jury is the final arbiter. *Sims v. State*, 137 Ga. App. 264 (223 SE2d 468). An appellate court will not speculate as to what evidence the jury chose to believe or disbelieve for we are required to construe the evidence on appeal in favor of upholding the verdict. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498). The jury, as the triers of fact, after hearing all the evidence, apparently believed the testimony of Joseph Willis and his two sons, rather than that of appellant and his two friends. *Seagraves v. State*, 167 Ga. App. 513, 514 (306 SE2d 761). When the evidence is viewed in the light favorable to the verdict, it is sufficient to enable any rational trier of facts to find the existence of the offenses of which appellant was convicted, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 29, 1988.

*Robert M. Bearden, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews III, Assistant District Attorney*, for appellee.