A91A0911. JACOBS v. THE STATE.
(410 SE2d 320)

CARLEY, Judge.

After a bench trial, appellant was found guilty of possession of cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on its finding of guilt.

1. Two police officers participated in appellant's arrest. At trial, only one of the officers was called as a witness for the State. Appellant urges that "[i]t was error for the trial judge to determine that the State or prosecutor was excused from producing [the other police officer as] a witness under OCGA § 24-4-22." However, OCGA § 24-4-22 does not require a party actually to produce all possible witnesses, but merely provides that an adverse presumption may arise from a failure to so produce. *Shiver & Barnett v. Firemens Ins. Co.*, 60 Ga. App. 57, 58 (2 SE2d 760) (1939). Moreover, "[t]his court has repeatedly held that [OCGA § 24-4-22] 'is not applicable in the trial of a criminal case.' . . . [Cits.] This enumeration is meritless." *Tiller v. State*, 159 Ga. App. 557, 558-559 (3) (284 SE2d 63) (1981). See also

*Radford v. State*, 251 Ga. 50, 53 (7) (302 SE2d 555) (1983).

2. Appellant further contends that he was deprived of his Sixth Amendment right of confrontation by the State's failure to call the other police officer as a witness at trial. However, the other police officer "did not testify himself, . . . nor . . . was any reference made [at trial] to the contents of any [prior] statement made by [him]. Thus, appellant was not denied his right to confront . . . a witness testifying against him. [Cit.]" *Cargill v. State*, 255 Ga. 616, 632-633 (18a) (340 SE2d 891) (1986). See also *Greeson v. State*, 97 Ga. App. 245-246 (2) (102 SE2d 503) (1958); *Brown v. State*, 147 Ga. App. 638-639 (1) (249 SE2d 689) (1978).

3. The evidence, construed most favorably for the State, shows the following: Appellant was the sole passenger in an automobile stopped by the two police officers. One of the police officers found the cocaine on the ground in front of the front passenger door of the automobile. Where the cocaine was found, there had been nothing just a few minutes before. Appellant was sitting in the front passenger seat before and after the cocaine appeared. This evidence was sufficient to authorize a rational trior of fact to find appellant guilty of possession of cocaine beyond a reasonable doubt and the general grounds are, therefore, without merit. See *Lewis v. State*, 186 Ga. App. 349, 350 (1a) (367 SE2d 123) (1988).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Ann Porgers-Dodson*, for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Assistant District Attorney*, for appellee.