## A91A1239. BRYANT v. THE STATE.
### (410 SE2d 778)

MCMURRAY, Presiding Judge.

Defendant was charged via accusation with driving under the influence of alcohol. The case was tried before a jury, defendant was found guilty and this appeal followed the denial of his motion for new trial. *Held*:

In his sole enumeration, defendant contends the trial court erred in denying his motion for continuance after it was discovered that members of the jury panel were exposed to an anti-drunk driving display at the entrance lobby of the courthouse. Defendant argues the display tainted prospective jurors and deprived him of a fair trial under the Sixth Amendment of the United States Constitution and under Article I, Section I, Paragraph XI of the Constitution of the State of Georgia.

During voir dire, it was discovered that six prospective jurors viewed an anti-drunk driving display set up in a courthouse entrance lobby on the day of defendant's trial. According to defense counsel, the poster was displayed by the Floyd County Sheriff's Office at "the nearest door to the jurors' parking lot and the nearest route into the courthouse." Defense counsel stated that the display was "situated directly in front of the door opened to its full width so that one walking in that door could not help but see it. . . ." Defense counsel further stated that "[t]he poster itself is made up of three panels that are connected together and fold together [and, when] unfolded, it stands on its own on the floor. . . ."

The record reveals that the display is over three feet tall and eight feet wide, includes 49 large photographs of alleged driving under the influence victims and is headed with the bold faced inscription, **"These Are Not Just Numbers But Names, Faces, Hopes, and Dreams That Are Gone Forever Because of Drinking Drivers."** (The photographs portray 49 persons, mostly young adults

and children.) There is a bold "red" logo below the heading entitled, **"M A D D"** and below the logo is the inscription, "Mothers Against Drunk Drivers." There are 49 photographs on the display and the photographs are distributed around the bold inscription, **"THESE FACES REPRESENT THE NUMBER OF VICTIMS KILLED IN DUI CRASHES ON GEORGIA'S HIGHWAYS EVERY 28 DAYS."** The lower left portion of the display includes the inscription, "If you or your loved one are a victim of a DUI crash, and you wish to share a picture in remembrance on our state and national picture board, please send pictures to: MADD, Georgia Victim Assistance Services, 7373 Hodgson Memorial Drive, Building 4, Suite A, Savannah, Georgia 31406."

The right to speak, write and publish sentiments on any subject "is essential to the preservation of a free society; but its exercise must be compatible with the preservation of other freedoms essential to a democracy and guaranteed by our Constitution." *Atlanta Newspapers v. State of Ga.*, 216 Ga. 399, 403 (2) (116 SE2d 580). In the case sub judice, we find defendant's right to a fair and impartial jury more essential to the administration of justice than any group or individual's right to express anti-drunk driving sentiments in the entrance lobby of a courthouse on the day of jury trials. Further, we recognize that the eight feet by three feet anti-drunk driving display may inspire emotional sentiments against persons accused of driving while under the influence of alcohol. It therefore follows that the display endangered defendant's right to a fair and impartial jury as six impaneled jurors affirmed that they encountered the display on the day of trial and remembered *its* contents. However, we cannot say that exposure to the anti-drunk driving display alone deprived defendant of a fair trial.

"To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if a juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court. [Cits.]" *Irvin v. Dowd*, 366 U. S. 717, 723 (81 SC 1639, 6 LE2d 751). In the case sub judice, the six empaneled jurors who were exposed to the anti-drunk driving poster were asked by defense counsel, "can you dismiss that poster from your minds and say to me with absolute certainty that it has no bearing on your mind[s] and would have no bearing on this case?" The prospective jurors responded affirmatively. Under these circumstances, we find no abuse of discretion in the trial court's denial of defendant's motion for continuance. *Gaines v. State*, 142 Ga. App. 181, 182 (1), 183 (235 SE2d 640).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 9, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991 — 

*Kenneth C. Fuller*, for appellant.

*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.