## A95A1302. MITCHELL v. THE STATE.
(461 SE2d 292)

BLACKBURN, Judge.

Vincent Jerome Mitchell was convicted by a jury of aggravated assault. On appeal he contends (1) that a fatal variance existed between the allegations contained in the indictment and the evidence produced at trial and (2) that the evidence was insufficient to support his conviction.

On July 25, 1994, Mitchell fought with Stacy Watkins. As the

fight ended, Watkins discovered blood coming from a number of cuts about his neck, chest and arm area. Mitchell left the area and was arrested a few hours later. The indictment charged Mitchell with unlawfully assaulting the victim "with a knife, a deadly weapon, which when used offensively against a person is likely to result in serious injury."

The evidence varied as to the cause of the victim's injuries. At the time of the fight, the two men were locked in a standing position, and the victim testified that he could not see a weapon in Mitchell's hand. Mitchell testified that he stumbled backwards during the fight and managed to retrieve a piece of broken glass which he used to defend himself. The victim's attending physician testified that the victim's injuries were inflicted by either a knife, razor or like instrument. The sheriff at the scene, who had 19 years of experience investigating assault and homicide cases, opined that the victim's wounds were made by means of a razor or knife. During deliberations, the jury asked whether the weapon used to attack the victim had to be a knife, whereupon the judge recharged that if the jury found the defendant used "any" deadly weapon to commit the assault, he could be found guilty of aggravated assault.

Contrary to Mitchell's contention, reversal is not required. First, as there was some evidence that a knife was used to cause the victim's injuries, there is no clear-cut variance. See *Battles v. State*, 262 Ga. 415, 417 (420 SE2d 303) (1992). Further, even if a variance did exist, it does not necessitate reversal. "[N]ot every variance in proof from that alleged in the indictment is fatal. The crucial elements are (1) that the accused be definitely informed as to the charges against him, so that he is able to present his defense, and (2) that he may be protected against another prosecution for the same offense. Unless the variance subjects defendant to one of these dangers it is not fatal." (Citations and punctuation omitted.) Id. In *Battles*, the Supreme Court addressed a similar situation. The indictment stated that the defendant struck and killed the victim with a wrench while testimony at trial indicated that the victim was struck and killed with a gun being used as a blunt object. The Supreme Court stated: "Here, because the indictment charged [the defendant] with killing the victim by striking him on the head, and because a wrench and gun produce similar injuries when used as blunt objects to strike someone on the head, we believe [the defendant] was sufficiently informed of the charges against him so that he could prepare a defense. Moreover, there was no danger that [the defendant] would be prosecuted again for the same offense. For these reasons, we conclude there was no fatal variance." (Footnote omitted.) Id. at 417-418.

Similarly, we find no fatal variance in the present matter. Here the indictment charged Mitchell with stabbing and cutting the victim

repeatedly. Because a knife and a broken piece of glass produce similar injuries, we believe Mitchell was sufficiently informed of the charges against him so as to prepare an adequate defense. Moreover, Mitchell faces no danger of subsequent prosecution for the same July 25, 1994, incident. Thus, we conclude that no fatal variance existed. See *Glass v. State*, 199 Ga. App. 530, 531 (1) (405 SE2d 522) (1991) ("The true inquiry is whether there has been such a variance as to 'affect the substantial rights' of the accused."); see also *Jackson v. State*, 158 Ga. App. 702 (282 SE2d 181) (1981) (no fatal variance where the indictment described a shotgun as the weapon but the evidence revealed the weapon to be a pistol).

Further, viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Mitchell guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Consequently, this conviction is affirmed.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED AUGUST 9, 1995.

*Kelley A. Dial*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.