## A06A0478. LAWSON v. THE STATE.
(630 SE2d 131)

MIKELL, Judge.

Michael Lawson was convicted by a Fulton County jury of aggravated assault and aggravated battery based on evidence that he sliced a woman's throat from her ear to her chin. The trial court merged the aggravated battery conviction with the aggravated assault conviction for sentencing purposes and sentenced Lawson to a term of ten years, seven in prison and three on probation. Lawson enumerates two errors on appeal from the denial of his motion for new trial: ineffective assistance of counsel and an alleged fatal variance between the indictment and the proof. We affirm.

1. Lawson argues that his trial counsel was ineffective for failing to object to a juror who, Lawson contends, was not qualified to serve because he did not reside in Fulton County at the time of trial. "An objection that one of the jurors who tried the case was a non-resident of the county at the time of the trial, being propter defectum, comes too late after verdict."[1] Moreover, "[a] juror incompetent propter defectum is made specially competent by the act of the parties in allowing him to serve without challenge, and a verdict will not be set aside for such cause."[2]

The procedure for objecting during voir dire is stated in OCGA § 15-12-163. Subsection (b) (1) of that statute provides that when a juror is called, the state or the accused may object to the juror on the basis that the juror is not a resident of the county. OCGA § 15-12-163 (c) requires "the court to hear immediately such evidence as is submitted in relation to the truth" of such an objection, and to set aside the juror for cause if the judge determines that the objection is true. In the case at bar, even though Lawson did not raise an objection when the juror stated in voir dire that he recently had moved to Cherokee County, the court immediately made the required determination pursuant to OCGA § 15-12-163 (c). When the court questioned the juror in detail, he indicated that he was registered to vote in Fulton County, had spent the previous night there, and still considered Fulton County to be his official residence. At the hearing on Lawson's motion for new trial, his trial counsel essentially testified that he did not object to this juror because there was no reason to do so after the trial court questioned him. Lawson presented no

---

[1] (Citations and punctuation omitted.) *Trammell v. State*, 183 Ga. 711, 715 (5) (189 SE 529) (1937).

[2] (Citation and punctuation omitted.) *Vaughn v. State*, 173 Ga. App. 716, 718 (4) (327 SE2d 747) (1985). See *State Hwy. Dept. v. Smith*, 117 Ga. App. 210, 211 (2) (160 SE2d 215) (1968) (trial court erred in granting a new trial solely because one of the jurors was a nonresident of the county, where no objection was raised before verdict was returned).

evidence or testimony at the hearing to contradict the trial court's determination that the juror was competent to serve.

> To establish a claim of ineffectiveness, it is the defendant's burden to show that trial counsel's performance was deficient *and* that the deficiency prejudiced his defense. Moreover, there is a strong presumption that trial counsel performed within the wide range of reasonable professional assistance, and a trial court's finding that counsel's performance was within that range will not be reversed on appeal unless it is clearly erroneous.[3]

Thus, even if counsel's failure to object to the juror can be deemed deficient, Lawson did not make the second showing required in order to establish a claim of ineffective assistance.[4] The trial court's denial of Lawson's motion for new trial on this ground was not clearly erroneous.

2. In his remaining enumerated error, Lawson alleges that his due process rights were violated because a fatal variance existed between the indictment and the evidence adduced at trial. In this regard, the aggravated assault count of the indictment charged Lawson with unlawfully assaulting the victim "by slicing her neck with a knife, an object which when used offensively against a person is likely to result in serious bodily injury." Similarly, the aggravated battery count charged Lawson with committing the crime by the use of a knife. At trial, the evidence showed that a box cutter was the weapon. The distinction between the weaponry in this case does not constitute a fatal variance between the allegata and the probata.

"Not all differences between an indictment and proof constitute fatal variances. An accused must be definitely informed of the charges against him so that he may present a defense, and he must be protected against a second prosecution for the same offense. If a variance does not present these dangers, it is not fatal."[5] In *Mitchell v. State,*[6] we found no fatal variance where the appellant was indicted for committing aggravated assault with a knife but there was evidence that the victim was cut with broken glass.[7] We reasoned that, because both weapons produce similar injuries, the appellant was sufficiently informed of the charges against him so as to prepare an

---

[3] (Citations and punctuation omitted; emphasis in original.) *Stevenson v. State,* 272 Ga. App. 335, 339-340 (3) (612 SE2d 521) (2005).

[4] Id. at 341 (3) (b).

[5] (Citation omitted.) *London v. State,* 247 Ga. App. 618, 620 (2) (544 SE2d 525) (2001).

[6] 218 Ga. App. 330 (461 SE2d 292) (1995).

[7] Id. at 331-332.

adequate defense, and he faced no danger of further prosecution arising out of the incident leading to his conviction.[8] *Mitchell* relied on *Battles v. State*,[9] in which the Supreme Court found no fatal variance between the indictment, which charged the appellant with striking a fatal blow with a wrench, and the evidence, which showed that the appellant struck and killed the victim with a gun used as a blunt object.[10] The court reasoned that "because a wrench and gun produce similar injuries when used as blunt objects to strike someone on the head," the appellant was adequately informed of the charges against him and protected against another prosecution for the same offense.[11]

We follow *Battles* and *Mitchell* and reach the same conclusion in the case at bar. A box cutter and a knife are both bladed weapons capable of producing the same type of "slashing" injury inflicted on the victim in this case. Indeed, we have previously noted that a box cutter is also known as a utility knife.[12] Therefore, we hold that the difference between the allegata and the probata was not a fatal variance, because Lawson was sufficiently informed of the charges against him so as to enable him to prepare an adequate defense, and he faces no danger of further prosecution arising out of the incident.[13]

Finally, within this enumeration, Lawson contends that the jury charge on aggravated assault allowed him to be convicted in a manner which was not included in the indictment. However, Lawson failed to object to this instruction or to reserve any exceptions to the jury charge when asked by the court. Therefore, he has waived the issue on appeal.[14]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED APRIL 13, 2006.

*Maurice Brown*, for appellant.

---

[8] Id. at 332.

[9] 262 Ga. 415 (420 SE2d 303) (1992).

[10] Id. at 417 (5).

[11] Id. at 417-418 (5). See also *Jackson v. State*, 158 Ga. App. 702 (3) (282 SE2d 181) (1981) (no fatal variance where indictment identified weapon used in armed robbery as a shotgun but evidence proved it was a pistol).

[12] See *Rowland v. State*, 228 Ga. App. 66, 67 (491 SE2d 119) (1997).

[13] See *Battles*, supra; *Mitchell*, supra.

[14] *Baskin v. State*, 267 Ga. App. 711, 716 (3) (600 SE2d 599) (2004). See also *Leggon v. State*, 249 Ga. App. 467, 471 (2) (549 SE2d 137) (2001) (defendant procedurally defaults when trial court asks for exceptions to charge and defendant fails either to object or to reserve exceptions).

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.